IN RE: MILTON HARRISON, An Attorney

IN RE: CHARLES A. HARRISON, An Attorney

Superior Court      New Haven County      File #49711
                                                           #49712

Present:   Hon. EDWIN C. DICKENSON, Judge.

Lorin W. Willis,         Attorney for the Grievance Committee.

Josiah H. Peck,          Attorney for the Respondents.

**MEMORANDUM FILED OCTOBER 19, 1936.**

DICKENSON, J. Each complaint contains thirty-six charges or counts against the defendant. In addition, by amendment at the Court's suggestion, two more were added during trial. Fourteen have been dropped by the complainant.

The three headings of the general charges contained in the plaintiff's brief are helpful. These are:

(a)   Cases solicited or recommended by third parties.

(b)  Cases solicited personally.

(c)  Cases where it is claimed the respondents urged, counseled or suggested that the witnesses involved should conceal or alter the truth in testimony which they should give.

While it was said **In Re Durant, 80 Conn., 140** that the power to disbar is a summary one inherent in the courts, the evidence in support of such action must be such in weight as would entitle a plaintiff to judgment in at least a civil case. That is the Court must be satisfied by a fair preponderance of the evidence of the charges made.

. It may be said at once, to narrow the issues, that the evidence does not satisfy the court of the truth of the charges under Class C.   It has not been proved that the defendants or either of them counseled or urged witnesses to conceal or alter facts in testimony they should give.

While it is the contention of the plaintiff that the cumulative effect of the evidence should be given weight and the conduct of the defendant in every instance considered in relation to all instances this cannot be carried to a point where the Court may find that because a defendant was guilty of misconduct in one instance he probably was in another.   It is only the established facts that may be considered as a whole.

As to the charges of personal solicitation and solicitation by third parties, ten of the thirty of these have been withdrawn and of the remaining twenty so few find support in the evidence that it seems advisable to treat in this memorandum only those that, in the opinion of the Court, merit serious consideration.

Before taking up the suggested charges relating to solicited cases it seems desirable to fix, as far as this Court may, what solicitation is cause for disbarment.   It is claimed by the complainant, apparently admitted by the respondents, and well established by precedent that "An attorney who employs, for a stipulated consideration or a contingent fee, agents, or runners to secure business for him is guilty of such unprofessional conduct as to warrant his suspension or disbarment".

**Chreste vs. Commonwealth, 171 Ky., 77, 186 S.W. 919, Ann. Cases 1918 E 122 (1916) Head Note.**

. It can hardly be questioned that this rule includes cases

solicited by a third person and accepted by a lawyer with an understanding that the solicitor is to receive compensation or an actual payment of such. **General Statutes Sec. 5344** makes it a crime for lawyers to solicit or instigate litigation for compensation. And as the complainant well argues a lawyer who abets the commission of the offense by knowingly accepting a case so solicited would be equally guilty.

The question of personal solicitation is not so simple. The Connecticut code of ethics, which is a "Declaration of the State Bar Association", is not definite about it. **Sec. 25. (Page 16) of the Practice Book)** states that, "—solicitation of business through communication to newspapers or agents and devices for direct and indirect self-laudation are inadmissible and intolerable", and again "The publication or circulation of ordinary business cards being a matter of personal taste and sometimes of convenience is not per se improper."

There is indeed authority in support of the position that direct solicitation by counsel of client is not cause for disbarment, although the courts have notably avoided deciding the point where possible.

**The Professional Ideals of The Lawyer, Jessup 34, In re Clark, 184 N. Y. 222.**

Whatever the rule, in view of the inherent power in the courts to safeguard justice and protect the public from "the misconduct or unfitness of those who are licensed to perform the important functions of the legal profession", **(In re Durant, Supra)** it would seem indisputable that personal solicitation may be cause for disbarment under certain circumstances.

As to the facts in the instant case, generally the testimony has been most unsatisfactory. It appears for instance that so called "investigators" in many cases first sowed the seed of suspicion in the mind of the complainant's witnesses by suggesting to them, without truth, that the defendants when representing them in lawsuits had received more money than they had accounted for. Again, patently, certain of the witnesses have committed perjury in this trial or in the proceeding before Judge Beach.

In such a situation a judge turns with thankfulness to the testimony of witnesses who have no apparent interest in the case and whose appearance on the witness stand indicates

honesty. Such is the testimony of the witnesses Mr. and Mrs. McGowan. This was a case where the defendants' brother-in-law, Dr. Blodinger attended Mrs. McGowan, then Miss —, after an automobile accident and suggested the Harrisons as lawyers. McGowan called upon Dr. Blodinger to tell him he already had a lawyer for her. Dr. Blodinger asked the witness to wait and talk it over with Milton Harrison. Milton Harrison was sent for and appeared and in this discussion asked McGowan to let him have the case as with his brother-in-law the doctor, caring for the woman, and he, Harrison, her lawyer, they could make a good case of it.

The testimony rang true and the suggested inducement contained in the statement is too obvious to need explanation. Such a solicitation requires no citation of authorities to support the complainant's claim of improper practice. This defendant indeed disclaims all knowledge of having met McGowan. It is found, however, the incident occurred and though it was some six years ago it should have left a memory particularly if it was an unusual proceeding on the part of the lawyer.

A second outstanding charge against the same defendant is that in relation to the Rossi case. This case was admittedly brought to the defendant by one DiRenzo. Later DiRenzo, whose father was a client of the defendants, demanded payment for his services in procuring the case. He was paid $50.00. More serious than the act itself was the attempt of the defendant Milton Harrison to cover it up by explaining the matter as a loan with DiRenzo's father as guarantor.

A third charge that should be discussed is that in relation to the testimony of Savistano. As the defendants say in their brief the charges made by Savistano on examination in chief were sensational and lead the Court to suggest they be made the subject of an additional count in the complaint.

As the testimony of the witness proceeded, however, his statements became so contradictory, his charges so extravagant and his manner on the stand so erratic that the Court feels it cannot believe him in one respect when it is so apparent he is unreliable in others.

Only one thing seems apparent from his testimony and that is that the defendants did not pay him the balance which he

believed they owed him and that he thought it was an opportune time to get it when they were on trial. On his own statement the money was to be paid for a reasonable per diem loss of earnings while in court.

It thus appears that of the numerous charges only two have been sustained and these have been shown to relate only to the defendant Milton Harrison.

In his favor it may be said that apparently no stone was left unturned to obtain evidence of his unprofessional conduct and none of the charges are of recent date. Those sustained and his "loss of memory" in regard to the McGowan matter upon the witness stand cannot be overlooked, however.

It is adjudged that this defendant be suspended from the practice of law for one year.

As to the defendant Charles Harrison, while it is natural to suspect that the conduct of his brother and partner regarding cases coming into the office would be known to him it has not been satisfactorily shown that he had such knowledge.

The complaint against him is dismissed.