[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
In this action, the plaintiffs, Burce Lovett and Frank CT Page 14 Dimond, set forth allegations against Emil H. Frankel, commissioner of Transportation, asserting liability pursuant to General Statutes 13a-144, and against White Oak Construction Company, asserting liability based on negligence. The defendants have moved to dismiss this action, claiming that the plaintiffs did not commence this action within one year after the case was previously dismissed.
When a motion to dismiss does not seek to introduce facts outside the record, it admits all well-pleaded facts, the complaint being construed most favorably to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 464 A.2d 45 (1983). Paragraph 2 of the compliant states that "[O]n March 21, 1988, a nonsuit was entered terminating the action because of the plaintiffs' failure to comply with the defendants' request for disclosure and production." This action was filed on November 5, 1991; service having been completed on October 28, 1991; the complaint and summons are type-dated October 24, 1991 and stamped by the clerk's office as received on November 5, 1991.
The defendant argues that this action is not saved by General Statutes 52-592 ("saving statute"), which provides, in pertinent part:
 [i]f any action, commenced within the time limited by law, has failed . . . to be tried on the merits . . . the plaintiff may commence an new action . . . for the same cause at any time within one year after the determination of the original action.
General Statutes 52-592(a). Both the complaint and the court order granting nonsuit judgment to the defendants (Defendants' Exhibit A) show march 21, 1988 to be the date on which the original action failed. The instant action, being brought after March 22, 1989, was not brought within one year after the determination of the original action.
It should, however, be noted that as a formal matter, a motion to dismiss may not be the proper procedural vehicle for asserting that an action is not saved by section 52-592. The saving statute is essentially an extension of, and by implication a response to, a statute of limitations defense. See Ross Realty Corp. v. Surkis, 163 Conn. 388, 393, 311 A.2d 74
(1972). The existence of a statute of limitations defense would not deprive a court of subject matter jurisdiction. Such a defense ordinarily is raised either by a motion to strike or by a motion for summary judgment. However, no objection was raised here. Moreover, this issue has been decided on a motion to dismiss. Moreover, this issue has been decided on a motion to dismiss. See e.g., Jonas v. Unsmoke, 4 Conn. L. Rptr. No. 6, CT Page 15 173 (June 24, 1991, Maloney, J.); Lee v. Phillips, 4 CSCR 43
(November 29, 1988, Corrigan, J.), but see Restreps v. Larson,4 CSCR 232 (February 9, 1989, Aronson, J.) and Wilson v. G. Fox Co., 4 CSCR 233 (February 9, 1989, Aronson, J.) (applicability of accidental failure or suit statute not properly raised on a motion to dismiss).
For the foregoing reasons, the motion to dismiss is granted.
SCHALLER, J.