DEBORAH J. ISAAC, ADMINISTRATRIX (ESTATE OF REDGNARD ISAAC) *v.* MOUNT SINAI HOSPITAL ET AL.
(13588)

HEALEY, SHEA, CALLAHAN, GLASS and HULL, Js.

Argued February 9—decision released April 18, 1989

*Joan C. Harrington,* for the appellant (plaintiff).

*Carla R. Walworth,* with whom, on the brief, were *Philip S. Walker* and *Deborah S. Chang,* for the appellee (named defendant).

*Louis B. Blumenfeld,* with whom was *Karen Jansen Casey,* for the appellee (defendant St. Francis Hospital).

*Lois Tanzer,* for the appellee (defendant Richard B. Weltman).

*Andrew J. O'Keefe,* with whom was *Maureen Sullivan Dinnan,* for the appellee (defendant Anesthesia Associates, P.C.).

HULL, J. The dispositive issue in this case is whether the administratrix of a decedent's estate can bring a new action for wrongful death under our accidental failure of suit statute, General Statutes § 52-592,[1] where

___

[1] General Statutes § 52-592 (a) provides in relevant part: "ACCIDENTAL FAILURE OF SUIT; ALLOWANCE OF A NEW ACTION. (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

the original wrongful death action was dismissed for lack of subject matter jurisdiction because, at the time such original action was commenced, the individual bringing suit had not been appointed administratrix of the estate by the probate court. We conclude that § 52-592 authorizes such a second suit and that the trial court erred in dismissing it.

The factual and procedural background of this case is not in dispute. Redgnard Isaac died at Mt. Sinai Hospital in Hartford on April 10, 1979. On March 30, 1981, the plaintiff commenced a wrongful death action pursuant to General Statutes § 52-555[2] alleging negligence in the treatment of the decedent by the defendants Mt. Sinai Hospital, St. Francis Hospital, Dr. Richard B. Weltman, and Anesthesia Associates, P.C. The plaintiff alleged in the complaint that she had been appointed administratrix of the decedent's estate on May 17, 1979. In 1982, she discovered that she had been involved only in the transfer of survivorship property and had not been named administratrix. She was subsequently appointed administratrix of the decedent's estate on September 28, 1982. *Isaac* v. *Mount Sinai Hospital,* 3 Conn. App. 598, 599, 490 A.2d 1024, cert. denied, 196 Conn. 807, 494 A.2d 494 (1985). By that time, however, the three year limitation period for bringing a wrongful death action under § 52-555 had passed. Id., 601.

---

[2] "[General Statutes] Sec. 52-555. ACTIONS FOR INJURIES RESULTING IN DEATH. In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of."

On February 4, 1983, the defendants moved to dismiss the action for lack of subject matter jurisdiction on the ground that the plaintiff had failed to comply with the provisions of § 52-555 that state that only an "executor or administrator" may bring an action thereunder. Id., 599. The trial court granted the motion to dismiss and the plaintiff appealed to the Appellate Court. The Appellate Court upheld the court's dismissal for lack of subject matter jurisdiction, stating that a wrongful death action under § 52-555 may be maintained only by an executor or administrator of an estate, and at the time she brought suit the plaintiff was neither. Id., 600–601.

The plaintiff brought the present action for wrongful death on June 7, 1985, against the same four defendants. The defendants moved to strike the complaint on the ground that it was barred by the statute of limitations contained in § 52-555, which provides that actions for wrongful death must be brought "within two years from the date when the injury is first sustained or discovered or . . . should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of." In granting the motion to strike, the court ruled that: (1) the time limitation for bringing an action under § 52-555 is a limitation of the liability itself and must be strictly complied with; (2) the second cause of action was the same cause of action as the original because it was the decedent's claim for his injuries and death resulting from the same group of facts that made up the defendants' alleged negligence; (3) General Statutes § 52-592, our accidental failure of suit statute, does apply to wrongful death cases; (4) the limitation portion of the wrongful death statute is substantive and may not be waived; (5) a cause of action for wrongful death does not arise and exist so that the statute of limitations can begin to run upon it until an adminis-

trator is appointed who can bring suit; and (6) the statute of limitations on the plaintiff's suit had run before she was appointed administratrix in September, 1982. The trial court did not further consider the effect of § 52-592 on this case. This appeal followed.

Although the parties have framed the issue in different ways,[3] we consider all of the claimed issues to raise the question of whether the accidental failure of suit statute authorizes the plaintiff to bring a new action for wrongful death where the original action was dismissed because at the time it was commenced the plaintiff was in fact not the administratrix of the decedent's estate.

We first note certain claims of the defendants with which we agree. It is undisputed that § 52-555 requires that an executor or administrator must bring a wrongful death action within the three year statute of limitations. "[S]tanding to bring a wrongful death action

[3] The plaintiff framed the issue as follows: "If Section 52-592 allows a second action for the same cause of action to be brought when a complaint has been served within the statute of limitations but is dismissed for lack of subject matter jurisdiction or any matter of form, and if this statute must be liberally construed in favor of the plaintiff, and if plaintiff, in her capacity as administratrix, caused a complaint to be served on defendants within the statute of limitations, and if plaintiff had not yet been formally appointed administratrix through mistake, and if plaintiff's first action was dismissed because lack of a valid administratrix deprived the court of subject matter jurisdiction, and if plaintiff, after being appointed administratrix, filed a second action within one year for the same cause of action, should not the trial court have allowed plaintiff's second action?"

The defendant Anesthesia Associates, P.C., framed the issue as follows: "Whether or not the administrator of the estate of a decedent who is appointed more than three years after the death of the decedent can maintain an action for wrongful death under Conn. Gen. Stat. Sec. 52-555?"

The defendants Mt. Sinai Hospital, St. Francis Hospital and Richard B. Weltman framed the issue as follows: "Whether the accidental failure of suit statute, General Statutes section 52-592, enables a wrongful death action to be brought when the administratrix was not appointed until after the right of action had expired, or when the plaintiff in the failed suit is not the same plaintiff as in the subsequent suit."

is . . . conferred only upon either an executor or administrator." *Isaac* v. *Mount Sinai Hospital,* supra, 601. It is also undisputed that "[w]here . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. . . . In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not of the remedy alone." (Citations omitted.) *Ecker* v. *West Hartford,* 205 Conn. 219, 232, 530 A.2d 1056 (1987). We find all of these undisputed principles of law relied upon by the defendants, however, to be irrelevant to the issue involved in this case, i.e., whether the accidental failure of suit statute authorized the bringing of the second action. Our attention, therefore, must be focused on the accidental failure of suit statute, General Statutes § 52-592.

The case of *Korb* v. *Bridgeport Gas Light Co.,* 91 Conn. 395, 99 A. 1048 (1917), furnishes an unusually strong foundation on which to build our analysis of the effect of § 52-592 on this case. In *Korb,* the plaintiff administrator brought an action under the provisions of § 4 of chapter 193 of the Public Acts of 1903 to recover for personal injuries resulting in the death of his intestate decedent. The pleadings revealed that the action was not commenced within one year from the neglect complained of as then required by the statute. The action was, however, commenced within one year after the entering of a judgment of nonsuit on a former action for the same cause begun within one year from the neglect. After a verdict and judgment for the plaintiff the defendant appealed, claiming, among other things, that the court erred in overruling its earlier demurrer to the complaint which contended that under the circumstances described above the plaintiff had not presented a good cause of action. Id., 396.

We concluded that the wrongful death statute involved created a liability unknown to common law and that the proviso therein limiting the time to bring an action under it to one year from the neglect complained of was something more than an ordinary statute of limitations. Id., 397. We stated that since the liability and the remedy were created by the same statute, the limitations of the remedy were to be treated as limitations of the right, and that if liability was to attach to the claimed offender, the statutory provision prescribing the limitation should be strictly observed. Id. We noted that if the wrongful death statute stood by itself, *unaffected by other legislation,* there could be no question but that the plaintiff's action had not begun seasonably and must fail. Id. We then noted: "We have, however, in § 1127 of the General Statutes a statute *which is not to be ignored.* It provides, among other things, that if any action, commenced within the time limited by law, shall fail for the reason, among others, that a judgment of nonsuit is rendered therein, the plaintiff may commence a new action for the same cause or subject of action at any time within one year after the determination of the original action. The language of this section, read in its natural meaning, appears to fit the present situation exactly, and to provide for an extension of the time limitation for the bringing of an action upon § 4 of the Act of 1903 under the conditions existing in the present case." (Emphasis added.) Id., 397–98.

The defendant in *Korb* argued that the extension statute involved had no bearing or effect upon limitations contained in statutes creating a right and made an essential condition of the existence of that right. We held: "Section 1127 provides that if any action, commenced within the time limited by law, shall fail for specified causes, the plaintiff may bring a new action for the same cause within one year after the determi-

nation of the original action. This language certainly is general and comprehensive. It neither embodies exceptions or reservations, nor suggests any. The extension of time is in terms made applicable to all cases where a suit, seasonably begun, has failed for the causes stated. . . . The provision is remedial in its character. It was passed to avoid hardships arising from an unbending enforcement of limitation statutes. Those hardships are the same in character whether the statute be one which concerns the remedy only, or the right as well as the remedy. It should be so construed as to advance the remedy rather than to retard it." Id., 401–402. We concluded that the time limitation in the wrongful death statute must be read together with the extension statute. The extension statute operated as a modification of the wrongful death statute and the defendant's demurrer was properly overruled. Id., 402. In this regard, we find that in the present case our accidental failure of suit statute, General Statutes § 52-592, controls the outcome of this case, not the wrongful death statute, as the defendants claim and as the trial court ruled.

We have consistently held that our accidental failure of suit statute, General Statutes § 52-592, "is remedial and is to be liberally interpreted." *Ross Realty Corporation* v. *Surkis,* 163 Conn. 388, 393, 311 A.2d 74 (1972); accord *Baker* v. *Baningoso,* 134 Conn. 382, 387, 58 A.2d 5 (1948); *Johnston* v. *Sikes,* 56 Conn. 589, 596 (1888) (a very liberal construction is given to saving statute). Keeping this in mind, we turn to the relevant criteria in § 52-592 that the plaintiff must satisfy in order to prevail: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . because the action has been dismissed for want of jurisdiction, or the action has been otherwise . . . defeated . . . for any matter of form . . . the plaintiff . . . may commence

a new action . . . for the same cause . . . within one year . . . . " The plaintiff claims that her second suit meets all of the statutory requirements.

The first issue is whether the original suit was an "action" within the meaning of § 52-592. In *Baker* v. *Baningoso,* supra, the plaintiff brought a second wrongful death action after the statute of limitations had run. The plaintiff claimed that the accidental failure of suit statute modified the wrongful death act and thus gave him an additional year to bring suit. We said: "Section 6024 [accidental failure of suit statute] does modify § 1005h [wrongful death statute] if the circumstances bring the case within its terms." Id., 386, citing *Korb* v. *Bridgeport Gas Light Co.,* supra.

General Statutes § 52-45a provides in pertinent part that "[c]ivil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance. The writ shall be accompanied by the plaintiff's complaint." The plaintiff's suit met this straightforward statutory summary of the contents of a "civil action."

In *Carbone* v. *Zoning Board of Appeals,* 126 Conn. 602, 13 A.2d 462 (1940), we held that the word "action" in the accidental failure of suit statute then in effect did not include administrative appeals. We said: "In *Korb* v. *Bridgeport Gas Light Co.,* [supra], a case which the trial court held to be decisive of the issue presented on the demurrer, we held that § 6024 applied not only to obviate the running of statutes of limitation but also as regards limitations of time inherent in a cause of action created by statute. We pointed out (p. 401) that the language of the statute was general and comprehensive, neither embodying nor suggesting reservations or exceptions; that the extension of time was in

terms made applicable to all cases where a 'suit' seasonably begun had failed for the causes stated; and that if there is to be any restriction, it must be the result of legal construction the reasons for which were not apparent. The action then before us was one brought as an ordinary civil action, and it was of such actions we were speaking. The reasons for construing the word 'action' in the statute as not including such a peculiar and wholely statutory proceeding as the one before us are not only apparent but compelling." Id., 606–607. In *Carbone* we found such a reason in the fact that the fixing of brief periods for administrative appeals was evidently designed to secure a speedy determination of the issues involved. We concluded that to hold that an administrative appeal is an "action" within the meaning of § 6024 would have the practical effect of eliminating the time factor in taking such appeals. Id., 607. Unlike *Carbone,* in this case, we see no reasons for a legal construction that would restrict the broad scope of the word "action" in the statute. " 'In a general sense the word "action" means the lawful demand of one's right in a court of justice; and in this sense it may be said to include any proceeding in such a court for the purpose of obtaining such redress as the law provides.' " *Dayco Corporation* v. *Fred T. Roberts & Co.,* 192 Conn. 497, 502, 472 A.2d 780 (1984), quoting *Waterbury Blank Book Mfg. Co.* v. *Hurlburt,* 73 Conn. 715, 717, 49 A. 198 (1901). The plaintiff's suit obviously meets the *Dayco* definition of an "action."

The defendants do not take issue with the legal precepts cited above. They do, however, vigorously claim that the first suit was not an action because without an administratrix to bring suit within the time limitation contained in the wrongful death statute, no timely action was commenced by the claimed administratrix. In other words, they claim that because the first suit never legally existed, there was no action that could

be saved by § 52-592. This claim was firmly answered by Judge Cardozo in *Gaines* v. *New York,* 215 N.Y. 533, 540, 109 N.E. 594 (1915), where, in a case concerning the applicability of New York's saving statute, the court stated the following: "The defendant argues that an action dismissed for want of jurisdiction is a nullity in the same sense as if it had never been begun at all. But that is an extreme view. Such an action has at least some of the consequences of an action begun in a court of competent jurisdiction."

The defendants also stress the holding in *Ecker* v. *West Hartford,* 205 Conn. 219, 232, 530 A.2d 1056 (1987), where we stated that the time limitation in our wrongful death statute is a limitation on the liability itself and not of the remedy alone. The defendants' arguments, however, prove nothing. These arguments overlook our clear ruling in *Korb* that the hardships sought to be remedied by the accidental failure of suit statute are the same whether the statute be one which concerns the remedy only, or the right as well as the remedy. *Korb* v. *Bridgeport Gas Light Co.,* supra, 401. Furthermore, our statement in *Ecker* v. *West Hartford,* supra, that where a time limitation is contained in a statute creating a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter, cannot be considered in isolation. That undoubtedly correct statement of the law was made in a case that did not involve § 52-592. The plaintiff's claim to a valid resurrection of her case under § 52-592 is readily reconciled with this statement in *Ecker* if we add to the phrase that the cause of action exists "only during the prescribed period and not thereafter" the words "unless saved by the accidental failure of suit statute." Although their propositions of law are, concededly, correct, the defendants are only restating the grounds on which the first suit was dismissed. These claims have validity only if

the accidental failure of suit statute did not exist. We conclude that, contrary to the defendants' claims, the plaintiff's first suit was an "action" fitting precisely within the scope of the "actions" which § 55-292 was designed to save under the circumstances listed therein.

The defendants Mt. Sinai Hospital, St. Francis Hospital and Richard B. Weltman next claim that the trial court's granting of the defendants' motion to dismiss for want of subject matter jurisdiction was equivalent to a trial on the merits. The defendants have cited no authority in support of their claim. "In determining whether a court lacks subject matter jurisdiction, the inquiry usually does not extend to the merits of the case. *GHK Exploration Co.* v. *Tenneco Oil Co.,* 857 F.2d 1388, 1392 (10th Cir. 1988); *State* v. *S & R Sanitation Services, Inc.,* 202 Conn. 300, 301, 521 A.2d 1017 (1987); *Rhodes* v. *Hartford,* 201 Conn. 89, 92, 513 A.2d 124 (1986); *Davis* v. *Board of Education,* 3 Conn. App. 317, 320, 487 A.2d 1114 (1985)." *Lampasona* v. *Jacobs,* 209 Conn. 724, 728, 553 A.2d 175 (1989). In view of the defendants' failure to cite any persuasive authority to the contrary, we decline further review of this claim.

The defendants Mt. Sinai Hospital, St. Francis Hospital and Richard B. Weltman also briefed the argument that § 52-592 is inapplicable because the plaintiff in the first suit is not the same plaintiff as in the subsequent suit. They claim that the person actually bringing the first suit was Deborah Isaac, individually, as opposed to Deborah Isaac, administratrix, who brought the second suit. It is difficult to conceive of a closer identity of interest than that found in this case. The defendants' argument ignores the fact that the named plaintiff in each case was "Deborah Isaac, Administratrix." The fact that Deborah Isaac in the first case was not, in fact, the administratrix of the estate of Redgnard Isaac does not destroy the identity of interest but

merely paves the way for the plaintiff's invocation of § 52-592. "[A] change of parties does not preclude an application of [a saving] statute where the change is merely nominal or the interest represented in the renewed action is identical with that in the original action." 51 Am. Jur. 2d, Limitations of Actions § 318. In light of the remedial purpose of § 52-592, we conclude that total identity of plaintiffs is not a prerequisite to application of the statute. We look, instead, to the essence of the plaintiff's status and the interest she represented. Deborah Isaac was the purported administratrix of Redgnard Isaac's estate in the first instance and the actual administratrix in the second case. The cause of action and the claimed factual background, as well as all defendants, were identical in both instances. Accordingly, application of § 52-592 to this case is not precluded. In view of our disposition of the case, we do not reach the plaintiff's alternative claim, pursuant to § 52-592, that the first action was defeated for a matter of form.

In *Gaines* v. *New York,* supra, 539, the original action had been brought to a court that lacked subject matter jurisdiction. In upholding the maintenance of the plaintiff's subsequent suit under the savings statute Judge Cardozo said: "The [saving] statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts." Id. We, likewise, decline to "fritter away" the strong remedial purpose of our saving statute, § 52-592.

There is error, the judgment of dismissal is set aside and the case is remanded for further proceedings.

In this opinion the other justices concurred.