[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This breach of contract action arises out of the defendants' allegedly faulty installation of a telephone system at the Pomfret School. The installation commenced in August of 1983 and the defendants completed their work in January of 1984.
In 1987 and 1988 lightening allegedly caused extensive damage to the telephone system. On July 25, 1989 the plaintiff, Pomfret School, Inc., filed a complaint sounding in breach of contract against the defendants, Executone Communications/Connecticut, Inc., and Total Communications, Inc.
On March 11, 1991 this court, Maloney, J., granted the CT Page 6834 defendants' Motion to Dismiss the aforementioned complaint on the grounds that the defendants were not served in the manner required by Connecticut General Statutes Section 52-57(c) because only the secretary for the agent for service of process had been served and she was not authorized to accept service.
On March 14, 1991 the plaintiff filed the complaint which commenced the present action pursuant to Connecticut General Statutes Section 52-592, the Accidental Failure of Suit Statute. The defendants have filed a special defense, which alleges that the plaintiff's claim is barred by the statute of limitations, Connecticut General Statutes Section 52-576. The defendants have moved for summary judgment on the grounds that the complaint was filed beyond the six years limitation set forth in52-576 (a) and that the action cannot be "saved" by the Accidental Failure of Suit Statute.
Section 52-592, the Accidental Failure of Suit Statute, provides in pertinent part:
 (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, . . ., the plaintiff, . . . may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of judgment.
In Isaac v. Mount Sinai Hospital, 210 Conn. 721, 728,557 A.2d 116 (1989) the Connecticut Supreme Court held that 52-592
authorized the plaintiff to bring a new action where the original action was dismissed because the plaintiff had not been properly appointed as the administrator of the decedent's estate. In Isaac the plaintiff timely commenced the original action under the wrongful death statute, Section 52-555 of the Connecticut General Statutes. The second suit was commenced within one year of the dismissal of the first suit, but more than three years from the date of the act or omission complained of.
In allowing the second suit in Isaac, the court observed that Section 52-592 "is remedial and is to be liberally interpreted." 210 Conn. at 728. The Isaac court further held that an action dismissed for want of jurisdiction is not a nullity in the same sense as if it had never been begun at all. CT Page 6835 The court quoted Judge Cardozo in Gaines v. New York, 215 N.Y. 533,540, 109 N.E. 594 (1915): "The [saving] statute is designed to ensure the diligent suitor the right to a hearing in court until he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary a present purpose to maintain his rights before the courts." Isaac at 733 citing Gaines, supra at 539.
The defendants maintain that although service of the original complaint was timely, it was improper. Therefore, no action was "commenced" and there is no action to be "saved" by the Accidental Failure of Suit Statute. Such an interpretation would do more than "fritter away" at Section 52-592. It would completely do away with the statute in all cases involving timely but otherwise improper service of process.
In O'Connor v. Storm, 14 CLT 19 (May 9, 1988, Nash, J.) the court held that the original action was "commenced" because the defendant was served, albeit improperly. The plaintiff's original suit was dismissed on the grounds that service was incorrectly attempted under the motor vehicle service statute. The plaintiff brought a second suit under Section 52-592. The defendant moved for summary judgment on the grounds that the original suit was not "commenced" within the applicable two year statute of limitations. The court held that the action was "commenced" for the limited purpose of Connecticut General Statutes Section 52-592, because the defendant was served, albeit improperly, and stated:
 a finding of improper service that deprives the court of jurisdiction need not deprive a plaintiff of an opportunity to cure the defect. In fact, Connecticut General Statutes Section 52-592 was passed to avoid the hardships arising from unbending enforcement of limitations statutes. The extension of time provided by Section 52-592 applies to all cases, seasonably begun, that have failed for one or more of the causes stated. Insufficient service is specifically included as one of the causes for failure included within its purview. 14 CLT 19 at 350.
In Richards v. Colvin, 15 CLT 46 (November 20, 1989, M. Hennessey, J.) held that insufficient service due to service at the wrong address was a failure upon which a plaintiff could bring an accidental failure of suit action.
The defendants rely on the cases of Donahue v. Dearborn, CT Page 6836 5 Conn. Cir. 487, 491 (1969); Adamec v. Hartford East Elderly Apartments Limited Partnership, 2 Conn. L. Rptr. 88, 89 (Mulcahy, J., 1990); and Dulman v. Samse, 4 C.S.C.R. 631 (1988). Those cases are clearly distinguishable from the present one because in each case the initial complaint was not filed within the statute of limitations period and, therefore, was not "commenced within the time limited by law," within the meaning of Section 52-592(a). The initial complaint in this case was filed timely, but was not tried on its merits due to insufficient service and it was dismissed due to lack of jurisdiction.
This court adopts the reasoning from O'Connor cited above and holds that the timely, but insufficient service of process in this case is specifically delineated in Section 52-592 as a type of failure upon which the plaintiff may bring a new action under that statute. The new action was commenced within the time required by Section 52-592.
The motion for summary judgment is, therefore, denied.
BY THE COURT: AURIGEMMA, J.