[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO AMEND COMPLAINT
On April 19, 1993, the plaintiffs filed a motion to amend CT Page 6624-V their complaint by which they sought to add bankruptcy trustee Richard M. Coan as a plaintiff in this action. On April 27, 1993, the defendants, Alan H. Hertzmark and Marktel Realty Group (a Connecticut General Partnership), objected to the plaintiffs' motion to amend said complaint and renewed their motion to dismiss of October 6, 1992.
The defendants argue that the trustee cannot be substituted as a plaintiff because the original plaintiffs, Richard Ernst and Jacqueline Ernst, lack standing to assert the causes of action now being brought by the trustee and the court therefore lacks jurisdiction. While the defendants agree that the trustee has standing to bring these causes of action, they argue that the trustee must bring a separate action because each count is brought pursuant to Connecticut General Statutes 52-592, the accidental failure of suit statute, and therefore the defendants argue, the second action must be identical in form and substance to the first action and substituting the trustee for the plaintiffs, Richard and Jacqueline Ernst, would not represent the same interests and therefore would not be identical. CT Page 6624-W
The plaintiffs argue that the trustee does not represent different interests and that Connecticut General Statutes 52-109 allows the substitution of a plaintiff when the action was commenced in the name of the wrong person. The plaintiffs further argue that it is necessary to add the trustee so as to determine the real matter in dispute.
Both parties have cited the case of Isaac v. Mount Sinai Hospital,210 Conn. 721, 557 A.2d 116 (1989), to support their positions. In Isaac the plaintiff brought an action for the wrongful death of her husband as the administratrix of her husband's estate. The suit was dismissed for lack of subject matter jurisdiction because the plaintiff had not been appointed administratrix of her husband's estate when she commenced the action. The plaintiff was appointed administratrix subsequent to the initiation of the first action and thereafter brought suit again pursuant to Connecticut General Statutes 52-592, since the statute of limitations had run. The defendants argued that the first suit was not an action because the plaintiff had no standing to bring a suit because she had not been appointed administratrix, and therefore CT Page 6624-X there was no suit which could be saved by Connecticut General Statutes 52-592. Id., 730-731. The court held that even an action dismissed for want of subject matter jurisdiction "has at least some of the consequences of an action begun in a court of competent jurisdiction." Id., 731, quoting Gaines v. New York,215 N.Y. 533, 540, 109 N.E. 594 (1915). The court went on to hold that a change of parties does not preclude the application of a saving statute and that "total identity of plaintiffs is not a prerequisite to application of the statute." Id., 733.
This case is similar to Isaac in that the cause of action, factual background and all the defendants are identical in both causes of action. Therefore, the court grants the motion to amend the plaintiffs' complaint to add the bankruptcy trustee as a party plaintiff.
Sullivan, J.