[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Defendants Motion to Dismiss
This is a wrongful death action filed by the plaintiff, Paul M. Capers, Administrator of the estate of Donnie J. Rod Capers arising out of a motor vehicle accident on June 1, 1990 in which the decent was allegedly struck by a police cruiser owned by Defendant State of Connecticut and operated by defendant Warren J. Lee, a State Police officer.
On October 18, 1990, the plaintiff authorized a filing of a Notice of Claim with the office of the Claims Commissioner, allegedly with the belief that General Statutes § 4-147 was applicable to this action. On November 15, 1990, the Claims Commissioner, Edward J. Daly, Jr., acknowledged receipt of the plaintiff's Notice of Claim. On December 16, 1994, the Claims Commissioner Sean C. Butterly dismissed without prejudice the plaintiff's claim, citing General Statutes § 52-556 as authorizing direct action against the State of Connecticut and opining that plaintiff could proceed under § General Statutes § 52-592. The present action was filed on March 2, 1995 by the plaintiff pursuant to General Statutes § 52-592.
On May 11, 1995, the defendants filed this motion to dismiss claiming that this court lacks subject matter jurisdiction to entertain this case. The defendants claim CT Page 9655 that General Statutes § 52-592, the accidental failure of suit statute, does not apply because a notice of claim to the Claims Commissioner is not an "action" under the statute, nor is it an "action" which was initially brought in any state or federal court in this state. The defendants also claim that this action should be dismissed because of their sovereign immunity.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." Practice Book § 143. "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Baldwin Piano Organ Co. v. Blake,786 Conn. 295, 297, 441 A.2d 183 (1982). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; Gurliacci v. Mayer,218 Conn. 531, 544-45, (1991).
The plaintiff argues that the purpose of General Statutes § 52-592 is to save suits that for certain and specific reasons as contained in the statute have accidentally failed, and as a remedial statute deserves liberal interpretation. Furthermore, the plaintiff argues that the opinion of the Claims Commissioner suggests that the proceedings before him were an "action" for purposes of applying § 52-592.
General Statutes § 52-592 provides that:
 Accidental failure of suit; allowance of new action. (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment CT Page 9656 for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
In Isaac v. Mt. Sinai Hospital, 210 Conn. 721 (1989), the court stated that "[i]n a general sense the word action means the lawful demand of one's right in a court of justice; and in this sense it may be said to include any proceeding in such a court for the purpose of obtaining such redress as the law provides." Id., 730.
There is nothing in General Statutes § 52-592 which would support plaintiffs' contention that his filing of a claim qualifies as an action under this statute. Neither is there any support for his position under the several statutes dealing with claims.
General Statutes § 4-141 states "[c]laim means a petition for the payment or refund of money by the state or for permission to sue the state . . ." General Statutes § 4-160
states that "[w]hen the claims commissioner deems it just and equitable, he may authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person could be liable." The plaintiff filed a notice of claim with the Claims Commissioner on October 18, 1990 but did not file any lawsuit in any State or Federal Court until this suit was filed some four and a half years after the accident occurred. Plaintiff has not cited any authority to support his argument that plaintiff's claim filed with the Claims Commissioner constitutes an "action" under the statute.
Since plaintiff never had an "action" which would now allow him to invoke § 52-592 in order to save his lawsuit, we conclude that the defendant's motion to dismiss should be granted because this action is specifically brought under General Statutes § 52-592, which is inapplicable.
Motion to dismiss granted.
Wagner, J. CT Page 9657