[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS NO. 120
The plaintiffs, Spyridon Armenis and Pascall Group, Inc., filed a prior action against sixteen defendants on November 2, 1993, Docket No. 308515. One of these defendants, Cotlyn Enterprises, Inc. (Cotlyn), filed a motion to strike the previous complaint on the ground that the substance of the complaint did not specifically mention the defendant Cotlyn by name. The defendant Cotlyn was named in the writ of summons in the November 2, 1993 action. However, its name did not appear in the body of the complaint. The plaintiffs never amended their complaint nor did they file an objection to this motion to strike. The motion to strike, however, was never heard by the court. The original complaint against all of the defendants was eventually dismissed on June 16, 1995, for failure to prosecute, under Practice Book § 251. The plaintiffs' subsequent motion to reopen was denied.
On June 14, 1996, within one year of the dismissal of the CT Page 780 prior action, the plaintiffs instituted the present cause of action against, among others, this same defendant. The plaintiffs brought this action under the accidental failure of suit statute, General Statutes § 52-592. This defendant filed a motion to dismiss and supporting memorandum of law on October 7, 1996. The plaintiffs' objection to the motion to dismiss and supporting memorandum are dated November 11, 1996.
The defendant, in its motion to dismiss, claims that the court does not have jurisdiction over it because the accidental failure of suit statute does not apply. Cotlyn argues that a change from the previous action, i.e. adding the name Cotlyn to the body of the complaint, will be a substantial change from the previous cause of action.
The plaintiffs argue that the previous court had personal jurisdiction over Cotlyn. In addition, the factual situation in the previous and present complaints concerned both principals of the defendant corporation, Cotton and Lyon, who were specifically named in the body of the complaint. Therefore, even if the plaintiffs undertake the minor change of adding the name of that corporation to the body of the complaint, it will not be a significant departure from the previous case.
General Statutes § 52-592, commonly known as the accidental failure of suit statute, provides in pertinent part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment." General Statutes § 52-592 (a). The accidental failure of suit statute "was passed to avoid hardships arising from an unbending enforcement of limitation statutes." Isaac v.Mount Sinai Hospital, 210 Conn. 721, 728, 557 A.2d 116 (1989).
"Preliminarily, it is important to note that, `as a formal matter, a motion to dismiss may not be the proper procedural vehicle for asserting that an action is not saved by section52-592. The savings statute is essentially an extension of, and by implication a response to, a statute of limitations defense.'Lovett v. Frankel, 5 Conn. L. Rptr. 297, 398 (1992) (Schaller, J.); see Ross Realty Corp. v. Surkis, 163 Conn. 388, 393,311 A.2d 74 (1972). The presence of a statute of limitations defense does not deprive a court of subject matter jurisdiction, CT Page 781 therefore `[s]uch a defense ordinarily is raised either by a motion to strike or by a motion for summary judgment.' Lovett v.Frankel, supra. This issue, however, has been decided on a motion to dismiss in a number of superior court cases. See, e.g., Jonas v. Unsmoke, 4 Conn. L. Rptr. 137 (1991) (Maloney, J.); Lee v. Phillips, 4 CSCR 43 (1988) (Corrigan, J.). But seeRestreps v. Larson, 4 CSCR 232 (1989) (Aronson, J.); Wilson v.G. Fox Co., 4 CSCR 233 (1989) (Aronson, J.) (applicability of accidental failure of suit statute not properly raised on a motion to dismiss)." Young v. Mukon, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 538420 (November 15, 1994, Hennessey, J., 13 Conn. L. Rptr. 8). In the present case, the plaintiffs have not objected to the motion to dismiss on this procedural ground. Accordingly, the court will decide the motion to dismiss presently before it on the merits.
"[A] change of parties does not preclude an application of [a saving] statute where the change is merely nominal or the interest represented in the renewed action is identical with that in the original action." Isaac v. Mount Sinai Hospital, supra,210 Conn. 732.
The court had personal jurisdiction over the defendant Cotlyn in the 1993 action. The defendant Cotlyn's previous motion to strike was never ruled upon. Therefore, they were never removed from the complaint. The factual situation of the previous complaint is identical to that of the present case. The factual situations will remain identical irrespective of the plaintiffs' decision to change the present complaint to specifically name the defendant Cotlyn in the body of the complaint. The present case is viable under General Statutes § 52-592 and therefore, the defendant's motion to dismiss is denied.
MAIOCCO, JUDGE