[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT
The instant action is the fourth of four identical lawsuits which the plaintiff Rosario has commenced against the defendant Hasak to recover damages for personal injuries he claims to have suffered at the hands of defendant Hasak in their motor vehicle collision of July 3, 1990. The first action was commenced on July 3, 1992, exactly two years after the plaintiff sustained his injuries, when a copy of the original writ, summons and complaint was served personally on defendant Hasak. Though the plaintiff's original complaint bore a return date of August 4, 1992, it was not returned to court until three months later, when on December 4, 1992 it was delivered to the Hartford Superior Court clerk's office without the appropriate fee. Upon receiving these documents, the clerk's office time-stamped them, marked a handwritten X through the time-stamp, and made the following handwritten notation upon them:
 Jon. Field Return date 8/4/92? and wrong fee: 11/4/92
These documents were then returned to plaintiff's counsel for further action.
From December 4, 1992 to November 30, 1994 (the date of Judge Sheldon's decision granting the defendant's motion for summary judgment as to the third complaint), the plaintiff had taken no action to refile his original complaint, with or without the appropriate fee, or to prosecute that action in any way. This in spite of the fact that defendant's attorney, Attorney O'Brien, sent two letters to plaintiff's attorney, Attorney Giovannucci, one dated November 5, 1992 in which Attorney O'Brien asked that he be advised whether the complaint in the case of HumbertoRosario v. James Hasak was timely filed with the court and if so, the correct docket number. Getting no response to his November 5, 1992 letter, Attorney O'Brien wrote again on December 7, 1992 advising that if he did not hear from Attorney Giovannucci within 30 days, he would assume that the complaint was not timely filed CT Page 4038 and that the statute of limitations has run. Atty. O'Brien went on to state in his December 7th letter that at that time he anticipated closing his file and would recommend that Aetna do the same.
Instead of responding in any way to Atty. O'Brien the plaintiff on February 17, 1993 commenced an identical action against the defendant Hasak. Since this second action, which was assigned docket number CV93 0522579S, was not returned to court until the return date itself, it was later dismissed on defendant Hasak's motion to dismiss, for failure to comply with C.G.S. § 52-46a.
As to the third complaint commenced July 23, 1995, the defendant claimed this third identical action was barred by the accidental-failure-of-suit statute, C.G.S. § 52-592, because it was commenced within one year after the defeat of his second identical action for a matter of form. In his decision on the motion for summary judgment filed by the defendant Hasak as to this third complaint, Judge Sheldon opined that Section 52-592
made it clear that for any new action to be saved under that statute it must be filed within one year after the dismissal or other failure of another earlier action which itself was commenced within the time limited by law. Judge Sheldon concluded that since the plaintiff's second action was not commenced until March 9, 1993, nearly 2 1/2 years after the date on which the plaintiff was injured, the failure of the earlier lawsuit for "a matter of form" could not be held to extend the plaintiff's right to file a new action for an additional year.
In his decision Judge Sheldon went on to address what he termed plaintiff's "fall back position" which was the plaintiff's claim that the original action timely served failed or was otherwise defeated without a trial on its merits when, on November 4, 1992, the clerk's office refused to accept his return of process. Judge Sheldon found this argument to be without merit because the original action though never properly filed with the court, had never been dismissed or defeated, nor otherwise failed short of trial for any reason. Judge Sheldon found that the unilateral decision of the plaintiff to initiate a new, untimely action in March of 1993 rather than to refile his original action, and thereby risk its possible dismissal for lack of jurisdiction, was his own voluntary decision, not the determination, final or otherwise, of any court; and that therefore the instant action [i.e. the third complaint] could not CT Page 4039 be justified under the accidental-failure-of-suit statute as a new action commenced within one year after the determination of the original action; that, the "original" action was never determined within the meaning of Section 52-592.
Judge Sheldon concluded that "notwithstanding the continuing viability of the plaintiff's original action, this later-filed action was clearly barred by Connecticut's two-year statute of limitations for negligence actions and was not saved by the accidental-failure-of-suit statute." So concluding, Judge Sheldon granted the defendant's motion for summary judgment.
On January 13, 1995, the plaintiff refiled in court the original complaint bearing the return date of August 4, 1992. It is not evident from the court file whether the defendant was notified by the plaintiff that the original complaint had been refiled in court. On February 14, 1995 the plaintiff filed a default for failure to plead attaching to the motion an unsigned copy of an appearance slip dated August 4, 1992 bearing the typed name of William P. O'Brien with no file-stamp appearing thereon. Thereafter an appearance slip dated March 6, 1995 signed by Atty. O'Brien was filed. This was followed with defendant's motion to dismiss claiming insufficiency of process in that the writ, summons and complaint was not timely returned to court. The court, Hennessey, J., granted the motion to cosmission April 3, 1995. This ruling was appealed and on June 6, 1995 was dismissed as untimely.
The instant action was commenced on July 23, 1995. Paragraph seven of the complaint alleges that "under docket number CV 92 0545586S, the instant action was dismissed on April 3, 1995." Paragraph eight alleges "the instant action is permissible as an accidental-failure-of-suit pursuant to C.G.S. 52-592." The plaintiff contends that since the original complaint (1992) was not determined until April 3, 1995 when it was dismissed, the plaintiff has one year from April 3, 1995 within which to bring his action under the accidental-failure-of-suit statute.
In his decision of November 30, 1994 Judge Sheldon opined that since the original complaint had not been timely returned even though timely served the plaintiff had violated Section52-46a of the General Statutes which violation would render the proceedings voidable and subject to abatement and unless the defendant timely asserts such defect as a basis for challenging the court's jurisdiction he is deemed to have waived the defect CT Page 4040 and to have consented to the jurisdiction of the court. Judge Sheldon noted further that under Practice Book § 142 such a motion must be filed within thirty days of the filing of an appearance.
The court file of the original action CV 92 0545586 does not have a file stamped signed appearance from the defendant's attorney. The absence of an appearance slip is not surprising since Attorney O'Brien was aware of the possible problem with timely service as pointed out in his letters of November 5, 1992 and December 7, 1992 to Attorney Giovannucci. The plaintiff in light of Attorney O'Brien's letter of December 5, 1992, opt to commence a new action on February 17, 1993.
It is clear that the defendant did not waive his right to object to the untimely return of the original complaint, no appearance having been filed as to that complaint until March 6, 1995, which filing was followed by defendant's motion to dismiss dated March 8, 1995 raising the issue of untimely return.
There is the further consideration of the accidental-failure-of-suit statute itself. Although Section 52-592 is a remedial statute and must be construed liberally it should not be construed so liberally as to render the statute of limitations meaningless. See Pintavillev. Valkanos, 210 Conn. 412 (1990).
Section 52-592 has as its purpose to aid the dingent suitor.Isaac v. Mount Sinai Hospital, 210 Conn. 721 (1989). The additional grace period beyond the statute of limitations afforded by Section 52-592 in which to commence an action begins to run on the date that a reasonably diligent suitor should have determined that the original action has failed. Rausch v. Estateof Boyd, No. 067470 (July 13, 1995) 1995 Ct. Sup. 7821.
In the instant case returning the original complaint to court 2 1/2 years after it was served can hardly be termed diligent.
The defendant's motion for summary judgment is granted.
Mary R. Henessey, Judge