[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff brings this action under the accidental failure of suit statute, Connecticut General Statutes § 52-592.
The defendant has moved to dismiss the complaint on the grounds that § 52-592 does not apply since there was no underlying or earlier action filed in court, and the two year statute of limitations has run.
In relevant part, § 52-592 provides as follows:
 (a) if any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of writ due to unavoidable accident or the default or neglect of the officer to whom it was committed . . . the plaintiff. . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
The defendant claims that because the original action was never returned to court there never was an underlying prior action and that it is implicit in the language of the statute that there be an underlying action. CT Page 5926
The plaintiff counters that an action commences when the defendant is served. The plaintiff is correct. As applied to the accidental failure of suit statute, commenced means the date when service, is attempted. Balboa Ins. Co. v. Zaleski,12 Conn. App. 529, 533 (1987). Section 52-592 is remedial and is to be liberally interpreted. Ross Realty Corp. v. Surkis,163 Conn. 388, 393 (1972); Isaac v. Mount Sinai Hospital, 210 Conn. 721,728 (1989).
Given the intended purpose of the statute the Court does not find the statute in question implies the original action must be returned to court for the cause of action to be protected by § 52-592.
The purpose of the statute of limitation is to prevent a stale claim to be unexpectedly raised. Section 52-592 is designed to "avoid hardships arising from an unbending enforcement of limitation statute." Isaac v. Mount Sinai Hospital, supra at p. 728.
In this case, the defendant was originally served within the statutory period. The sheriff's Affidavit of Loss attests to that fact and also attests that she was unable to locate the writ, summons and complaint in her files. The sheriff further states her belief that it must have been misplaced or lost in the U.S. mail. Plaintiff's counsel attested that the original writ, summons and complaint was not returned to his office after service by the sheriff, thus the original was not filed with the court. Upon discovery of this, the plaintiff timely filed a complaint pursuant to § 52-292.
The cases relied upon by the defendant do not hold that a writ, summons and complaint must be filed in court in order to afford the protection of the accidental failure of suit statute to a plaintiff.
Since the action was commenced within the two year period and the subsequent action was timely brought under § 52-592, the Court has jurisdiction and the Motion to Dismiss is denied.
Klaczak, J.