[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
In her present action against the defendant, New Haven Board of Education ("Board of Education"), the plaintiff seeks damages arising out of an alleged sexual assault that took place on school property. The plaintiff's original suit was dismissed on August 21, 2000 because service of process was made on Carlos Torre, Chairman of the Board of Education who was not an appropriate agent for service. See General Statutes §52-57 (b)(2) (process in civil actions against a city shall be served upon its clerk, assistant clerk, mayor or manager). Following the dismissal, the plaintiff brought the present case pursuant to the accidental failure of suit statute, General Statutes § 52-592 (a). The Board of Education has moved to dismiss asserting that § 52-592
(a) is not applicable to this case. For the reasons set forth below, the CT Page 1715 motion to dismiss is denied.
As applicable here, § 52-592 (a) provides:
 "If any action commenced within the time limited by law, has failed one or more times because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed . . . the plaintiff . . . may commence a new action . . . for the same cause of action at any time within one year after the determination of the original action . . ."
The Board of Education asserts that the original suit was dismissed not due to "unavoidable accident or the default or neglect" of the serving officer but rather because the plaintiff directed service to Chairman Torre who was not statutorily authorized to receive service on behalf of the Board of Education. Accordingly, the Board of Education argues that § 52-592 (a) is inapplicable and the present case must be dismissed.
The plaintiff objects to the motion to dismiss claiming: (1) the original suit did not designate an agent for service but listed only the "New Haven Board of Education, 54 Meadow St., New Haven, CT 06519" as the defendant in the writ and summons; (2) that the original writ, summons and complaint were then given to then Deputy Sheriff Robert Miller who served it upon Dr. Carlos Torre in accordance with his past practice of serving process on the Board of Education. Based on these facts, the plaintiff claims that the improper service of the original complaint was an accidental failure of suit within the meaning of § 52-592 (a).
Our Supreme Court has made clear that the accidental failure of suit statute, § 52-592, is remedial and should be liberally interpreted.Issac v. Mount Sinai Hospital, 210 Conn. 721, 728 (1989). Here the plaintiff prepared the original writ, summons and complaint naming the party to be sued, without designating any agent for service, and gave the papers to the deputy sheriff to serve. On this record, the deputy sheriff's improper service on Chairman Torre was a "default or neglect" on his part which does not defeat the plaintiff's right to refile the lawsuit properly.
The motion to dismiss is denied.[1]
So Ordered at New Haven, Connecticut this 30th day of January, 2001.
Devlin, J CT Page 1716