[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue before the court is whether the saving provision found in General Statutes § 52-593a rescues an apportionment complaint that was not served within the one hundred twenty day period set forth in General Statutes § 52-102b.
This litigation began with the filing of a complaint by the plaintiff Joy Young against the defendants City of Shelton and City of Shelton Board of Education alleging that, as a result of the negligence of the CT Page 1324 defendants, she was injured in a fall down a dangerous and defective staircase at the Lafayette School in Shelton, Connecticut. The defendants City of Shelton and City of Shelton Board of Education subsequently filed an apportionment complaint against the apportionment defendant The Pop Warner Football Team of Shelton ("Pop Warner") claiming that it was the negligence of Pop Warner that caused any injuries sustained by the plaintiff.
Pop Warner has filed a motion to strike the apportionment complaint on the grounds that the apportionment complaint was not served on it within one hundred twenty days of the return date specified in the plaintiff's original complaint as required by General Statutes § 52-102b.[1]
The City of Shelton and the City of Shelton Board of Education assert that the one hundred twenty day time period set forth in § 52-102b is not mandatory. In the alternative, they argue that, should the one hundred twenty day period be compulsory, the action is saved, despite their failure to meet that mandate, by the provisions of General Statutes § 52-593a, which preserves a right of action if the process is served within fifteen days of its delivery to a state marshal.[2]
Before considering the merits of the parties' claims, a procedural issue must be addressed. Pop Warner has asserted its claim through a motion to strike the apportionment complaint. Its claim however is more appropriately advanced through a motion to dismiss. A pleading that is legally insufficient on its face, but which would establish a cause of action if facts that may exist were properly pleaded, should be challenged by a motion to strike. A motion to dismiss by contrast attacks the jurisdiction of the court by asserting that, as a matter of law and fact, a party cannot state a cause of action that can be heard by the court. Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). See also Amore v.Frankel, 228 Conn. 358, 372 (1994).
The court has the authority to disregard a motion's label and determine the true nature of the pleading Drahan v. Board of Education,42 Conn. App. 480, 489 (1996). In this case, the apportionment defendant maintains that the court lacks subject matter jurisdiction because the apportionment plaintiffs failed to properly serve it with the apportionment complaint in accordance with General Statutes § 52-102b. It claims as a matter of law and fact that the apportionment plaintiffs cannot state a cause of action that could properly be heard by the court. Since such a claim should be asserted through a motion to dismiss, the court will consider the apportionment defendant's pleading to be a motion to dismiss, notwithstanding its denomination by the apportionment defendant as a motion to strike.
Section 52-102b authorizes a defendant in a negligence action to serve CT Page 1325 an apportionment complaint upon a person not a party to the action who is or may be liable for a proportionate share of the plaintiff's damages. § 52-102b (a). Section 52-102b (a) expressly provides that, "Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint."
The return date of the plaintiff's original complaint in this case was November 14, 2000. The City of Shelton and the City of Shelton Board of Education served their apportionment complaint on Pop Warner on March 17, 2001. Service did not comply with the provisions of § 52-102b as the one hundred twenty day period after the return date of the plaintiff's original complaint ended March 14, 2001.
The City of Shelton and the City of Shelton Board of Education maintain that the one hundred twenty day restriction on service contained in § 52-102b is not mandatory. There exists a split of authority on this issue amongst judges of the superior court with the overwhelming majority of trial court decisions holding that the one hundred twenty day time limitation in § 52-102b (a) is mandatory rather than directory. SeeFortier v. Casey, 25 Conn.L.Rptr. 307 (1999) and authorities cited therein. But cf. Ketchale v. Unger, 22 Conn.L.Rptr. 418 (1998). I have previously sided with the majority and ruled that the one hundred twenty day service requirement of § 52-102b is compulsory. See Bednarz v.Svindland, Superior Court, judicial district of New Haven at New Haven, Docket No. 425935, (June 12, 2000, Alander, J.) (27 Conn.L.Rptr. 438).
Section 52-102b creates a right of apportionment which was unavailable at common law. See Alvarez v. New Haven Register, Inc., 249 Conn. 709,721 (1999) and Donner v. Kearse, 234 Conn. 660, 666-669 (1995). As a statutorily created right, it exists only during the time period recognized by the statute. See Ecker v. West Hartford, 205 Conn. 219, 233
(1987). Its time limitation is a substantive and jurisdictional requirement that cannot be waived by the parties. Where a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period. Id., 231-232.
The City of Shelton and the City of Shelton Board of Education further assert that, should the one hundred twenty day limitation contained in § 52-102b be viewed as mandatory, their right to bring an apportionment complaint is saved by the provisions of General Statutes § 52-593a.
Section 52-593a provides in relevant part that: "(a) Except in the case of an appeal from an administrative agency governed by section 4-183, a CT Page 1326 cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal authorized to serve the process and the process is served, as provided by law, within fifteen days of the delivery."
It is undisputed in this case that the apportionment complaint was delivered to a state marshal by the defendants on March 13, 2001, a date within one hundred twenty days of the return date specified in the plaintiff's complaint, and that the state marshal served the apportionment defendant on March 17, 2001, a date within fifteen days of delivery.
Pop Warner contends that an untimely served apportionment complaint can not be saved by § 52-593a because the time limitation contained in § 52-102b is jurisdictional and mandatory. Pop Warner cites a Superior Court ruling as support for its position. See TriconInternational v. United Construction Inc., Superior Court, judicial district of Waterbury, Docket No. 98-0153502 (November 28, 2000, McWeeney, J.) (28 Conn.L.Rptr. 724).[3]
In response, the City of Shelton and the City of Shelton Board of Education present a number of trial court decisions holding that §52-593a redeems an apportionment complaint that was not served within the one hundred twenty day period. See e.g. Celano v. Scasino, Superior Court, judicial district of New Haven at New Haven, Docket No. 96-0384560 (February 11, 1997, Devlin, J.), Martidis v. Lombard Realty, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 97-0142374 (July 30, 1998, Pellegrino, J.) and Santangella v. Rivera, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 00-0374749 (July 13, 2001, Skolnick, J.) (29 Conn.L.Rptr. 656).
Pop Warner argues that, because § 52-102b creates a right of action that did not exist at common law, its one hundred twenty day time period is jurisdictional and a limitation on the right of action itself. While this statement is true, it does not dictate, as Pop Warner maintains, that the saving provision of § 52-593a is inapplicable to an untimely served apportionment complaint. See Isaac v. Mount Sinai Hospital,210 Conn. 721, 731-732 (1989) (the Connecticut Supreme Court held that the accidental failure of suit statute, § 52-592, applied to an action for wrongful death brought beyond the time period contained in the wrongful death statute notwithstanding the fact that such an action did not exist at common law and the right of action existed only during the statutorily prescribed time period.) The issue of whether an apportionment complaint served beyond one hundred twenty days can be rescued by § 52-593a must be decided by analyzing the terms and purpose of that statute. I am persuaded by the clear language of § CT Page 132752-593a and the legislative policy underlying it that its saving provision applies to the service of an apportionment complaint.
"In interpreting a statute the court must ascertain and give effect to the intent of the legislature. The meaning of a statute must, in the first instance, be sought in the language in which the act is framed. If the language of the statute is clear, it is assumed that the words themselves express the intent of the legislature. Where the statute presents no ambiguity, we need look no further than the words themselves which we assume express the intention of the legislature." (Citations omitted; internal quotation marks omitted.) Donner v. Kearse,234 Conn. 660, 670 (1995).
Section 52-593a explicitly states that a cause or right of action shall not be lost because of a failure to meet a time limit established by law if service is accomplished in accordance with its provisions. The only exception made to its statutory protections is for an administrative appeal governed by General Statutes § 4-183. Had the legislature intended to exclude apportionment complaints from the statute's protections, it could have easily done so.
The evident purpose underlying a saving statute such as § 52-593a
is to avoid the hardships that may result from an unbending enforcement of statutory time limits. See Isaac v. Mount Sinai Hospital, supra,210 Conn. 728 in which the court noted that the legislative objective behind General Statutes § 52-592, the accidental failure of suit statute, was to avoid the misfortunes that would occur from a strict enforcement of the time limitations contained in the wrongful death statute. "The [saving] statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts." Id., quoting Judge Cardozo in Gaines v. New York, 215 N.Y. 533, 539 109 N.E. 594
(1915).
Our courts have long recognized a strong policy favoring the adjudication of a case on its merits. Peabody N.E., Inc. v. Dept. ofTransportation, 250 Conn. 105, 127 (1999). See also Coppola v. Coppola,243 Conn. 657, 665 (1998) ("[o]ur practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure" [internal quotation marks omitted]); Snow v. Calise,174 Conn. 567, 574 (1978) ("[i]t is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for CT Page 1328 the litigant his day in court").
The City of Shelton and the City of Shelton Board of Education are entitled to be heard on the merits of their claim that the negligence of Pop Warner is the cause of the plaintiff's injuries. Although the service of their apportionment complaint occurred three days beyond the statutory one hundred twenty day time period of § 52-102b, it fell within the grace period provided by § 52-593a.
Accordingly, the apportionment defendant's motion to strike the apportionment complaint is hereby denied.
BY THE COURT
Judge Jon M. Alander