GREGORY HUGHES ET AL. *v.* JOHN S. BEMER ET AL.
(13117)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and HULL, Js.

Argued November 10, 1987—decision released March 15, 1988

*Alexandra Davis,* with whom were *Wesley W. Horton* and, on the brief, *William R. Moller,* for the appellants (plaintiffs).

*Lois Tanzer,* for the appellees (defendants).

COVELLO, J. The issue presented in this negligence action is whether the plaintiffs may rely on the accidental failure of suit statute, General Statutes § 52-592,[1] to reinstitute legal proceedings in which there was a prior judgment against them which was affirmed on appeal on the basis of the operation of Practice Book § 155.[2] We conclude that they may not and find no error.

On October 19, 1984, the plaintiffs, Gregory Hughes and Michael A. Hughes, instituted a negligence action against these same defendants, John S. Bemer and Nancy L. Bemer, arising out of an automobile acci-

[1] "[General Statutes] Sec. 52-592. ACCIDENTAL FAILURE OF SUIT; ALLOWANCE OF NEW ACTION. (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

[2] Practice Book § 155 provides in relevant part: "If an adverse party objects to this motion he shall, at least five days before the date the motion is to be considered on the short calendar, file and serve . . . a memorandum of law. An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion."

dent. The defendants moved to strike the complaint for its failure to state a cause of action. Practice Book § 152 (1).[3] The court, *Higgins, J.,* took up the questions presented and filed a memorandum of decision granting the motion to strike. The plaintiffs did not file a substitute pleading and upon motion, the court, *Ripley, J.,* rendered judgment for the defendants. Practice Book § 157.[4] The plaintiffs appealed to this court.

In *Hughes* v. *Bemer,* 200 Conn. 400, 510 A.2d 992 (1986), we observed that in connection with the motion to strike, the plaintiffs had failed to submit to the trial court the opposing memorandum of law required by Practice Book § 155. This being the case, the plaintiffs, as the adverse party, were deemed, by operation of the rules, "to have consented to the granting of the motion." Practice Book § 155; see footnote 2, supra. We concluded that, under such circumstances, Practice Book § 155 inferentially required the court to grant the motion to strike. *Hughes* v. *Bemer,* supra, 402–403. We therefore found no error.

Within the one year period required by General Statutes § 52-592, the plaintiffs commenced the present action setting forth the identical allegations contained in their original complaint. They added, however, allegations that the earlier action had been "dismissed without a hearing on the merits" and that the Supreme Court had upheld the dismissal "without going to the

[3] Practice Book § 152 provides in relevant part that "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof."

[4] Practice Book § 157 provides: "Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint, counterclaim or cross complaint has been stricken, and the party whose pleading has been so stricken fails to file a new pleading within that fifteen-day period, the court may upon motion enter judgment against said party on said stricken complaint, counterclaim or cross complaint."

merits." Finally, they claimed that their action was "brought pursuant to Section 52-592 of the C.G.S.A. and in accordance with *Gionfrido* v. *Wharf Realty, Inc.,* 193 Conn. 28, 34 [474 A.2d 787 (1984)]."[5]

The defendants moved to dismiss the new complaint, alleging that the court was "without jurisdiction over the subject matter in that General Statute Section 52-592 is inapplicable where the prior action was heard on the merits."[6] The court, *Pickett, J.,* granted the motion. The plaintiffs have again appealed.

The plaintiffs concede that the judgment of the trial court in the first case was on the merits. "Since the decision on the . . . [motion to strike] determined that no right of action existed, the judgment [following a failure to plead over] was as final and complete as a judgment following a trial on the merits. *Brennan* v. *Berlin Iron Bridge Co.,* 71 Conn. 479, 490, 42 A. 625 [1899]." *Carvette* v. *Fidelity & Deposit Co.,* 152 Conn. 697, 699, 204 A.2d 409 (1964). The plaintiffs argue, however, that our subsequent action in affirming the appeal on the basis of the operation of Practice Book § 155 was not a decision on the merits and that, therefore, they are entitled to reinstitute the action pursuant to § 52-592. We disagree.

Section 52-592 does not authorize the reinitiation of all actions not "tried on . . . [their] merits," only those that have failed for, among other reasons, "any

---

[5] In *Gionfrido* v. *Wharf Realty, Inc.,* 193 Conn. 28, 474 A.2d 787 (1984), we sustained the trial court's rendering of a judgment of dismissal for failure to prosecute an action with reasonable diligence pursuant to Practice Book § 251. We stated: "We note that the plaintiff is not without remedy and, inter alia, may commence a new action pursuant to General Statutes § 52-592 . . . ." Id., 34 n.6.

[6] Since neither party has raised the question, we decline to address the propriety of a motion to dismiss the second complaint on jurisdictional grounds when the heart of the matter seems to be whether the earlier action was res judicata as to the present proceedings. See Practice Book § 164.

matter of form." An order that enters pursuant to Practice Book § 155 is not a matter of form. The failure to file the required memorandum of law operates as a *consent* to the granting of the motion to strike. The judgment that may thereafter enter, though not necessarily a determination on the merits, is nevertheless a final judgment whose issues are thereafter res judicata as between the parties. "A judgment by consent is in effect an admission by the parties that the decree is a just determination of their rights on the real facts of the case had they been found. It is ordinarily absolutely conclusive between the parties and cannot be appealed from or reviewed on a writ of error." *Shaw* v. *Spelke,* 110 Conn. 208, 215, 147 A. 675 (1929). We conclude, therefore, that the matter here, although concededly not decided on its merits on appeal, has not failed "for any matter of form" within the meaning of § 52-592. " 'This statute [§ 52-592] was passed to avoid the hardships arising from an unbending enforcement of limitation statutes.' " *Ross Realty Corporation* v. *Surkis,* 163 Conn. 388, 392, 311 A.2d 74 (1972). We discern no intent to create an exception to the principles of res judicata that require, at some point, an end to litigation. *Stocking* v. *Ives,* 156 Conn. 70, 73, 238 A.2d 421 (1968).

There is no error.

In this opinion the other justices concurred.