[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION FOR SUMMARY JUDGMENT (#135)
ISSUE
Whether the court should grant the defendants' motion for summary judgment because there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law.
FACTS
The following facts are alleged in the revised complaint, #103. The plaintiffs, Chester J. Later and John J. Zazzaro Jr., are the owners of a parcel of land located in Cromwell, Connecticut (the "parcel"). The parcel was zoned as "industrial" prior to January 19, 1988. On November 12, 1987, the plaintiffs contracted to sell the parcel for $750,000.00. CT Page 6224 On November 24, 1987, the defendant Planning and Zoning Commission of the Town of Cromwell (the "Commission")[1] notified the plaintiffs of its intentional to rezone the parcel as "Flood Plain." On January 19, 1988, the Commission rezoned the parcel from "Industrial" to "Flood Plain" (the "1988 rezoning"). Far fewer uses are allowed in the "Flood Plain" zone than in the "Industrial" zone[2]. In the first count of the revised complaint the plaintiffs allege that the Commission's action constitutes a taking in violation of article first, sections 8, 11 and 20
of the Connecticut Constitution[3]. In the second count, the plaintiffs allege that the Commission's action constitutes a taking in violation of the Fifth and Fourteenth Amendments
to the United States Constitution[4]. In the third count, the plaintiffs allege that the Commission's action constitutes a taking in violation of 42 U.S.C. § 1983[5]. The fourth count was withdrawn on April 2, 1992.
The defendants now move for summary judgment. The pleadings are closed. The plaintiffs and defendants have filed memoranda of law and appended appropriate documentation thereto.
DISCUSSION
 "`Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."'" Gurliacci v. Mayer, 218 Conn. 531, 561-62, 590 A.2d 914 (1991).
Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991).
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990) (citations omitted). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 246-47 (citations omitted). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582
(1984) (citation omitted).
The defendants argue that they are entitled to summary judgment on three grounds. First, they argue that the dismissal of the plaintiffs administrative appeal of the action of the Commission which is the subject of this action has a res judicata effect on this action. Second, the defendants argue CT Page 6225 that the plaintiffs have not alleged the requisite finality of administrative decision. Lastly, the defendants argue that this action is moot because the Commission rezoned the parcel to "Industrial" in August of 1991.
I. Res Judicata
The plaintiffs appealed the rezoning of the parcel to "Flood Plain." (Defendants' Memorandum, #135.50, Exhibit B, Responses to Requests for Admission, p. 1.) The defendants' motion to dismiss was granted by the court, O'Connell, J., because of the failure of the plaintiffs to file a memorandum within five days before the motion was argued and because of technical defects related to Simko v. Zoning Board of Appeals,205 Conn. 413, 533 A.2d 879 (1987), modified, 206 Conn. 374,538 A.2d 202 (1988). (Defendants' Memorandum, #135.50, Exhibit A, Notice of Order; Exhibit B, Responses to Requests for Admission, p. 2; Exhibit D, Deposition of Chester Later, p. 38.)
The defendants argue that under Practice Book rules then in effect, the failure to file a memorandum of law in opposition to a motion to strike five days before the motion is to be argued constitutes consent to the granting of the motion and the granting of the motion may have a res judicata effect on subsequent actions raising the same issues. Hughes v. Bemer,206 Conn. 491, 495, 538 A.2d 703 (1988).
The plaintiffs argue that the dismissal of the administrative appeal is not entitled to have a res judicata effect because a dismissal on technical grounds is distinguishable from the failure to timely oppose a motion to strike under former Practice Book rules.
Because consent to the granting of a motion to dismiss does not usually extend to the merits of the action the dismissal of the prior action is not entitled to have a res judicata effect on the present action. Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, 16-17, 578 A.2d 646 (1990).
II. Finality
 As we have recently reiterated. . . [a] plaintiff is not entitled to judicial review of the merits of his regulatory takings claim until he has met the requirement of establishing the finality of the agency determination. Port Clinton Associates v. Board of Selectmen, 217 Conn. 588, 604, 587 A.2d 126 (1991). To demonstrate the requisite finality, a property owner asserting a CT Page 6226 regulatory takings claim bears the burden of proving that the relevant government entity will not allow any reasonable alternative use of his property. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 553, 525 A.2d 940 (1987).
Gil v. Inland Wetlands Watercourses Agency, 219 Conn. 404415, A.2d (1991) (citations omitted).
 As the United States Supreme Court has observed, whether a claim that a particular governmental regulation or action taken thereon has deprived a claimant of his property without just compensation is an "essentially ad hoc factual inquir[y]." Penn Central Transportation Co. v. New York City, 438 U.S. 104, 124, 98 S.Ct. 22646, 57 L.Ed.2d 631 (1977), reh. denied, 439 U.S. 883, 99 S.Ct. 226, 58 L.Ed.2d 198 (1978).
Id., 406 (citations omitted).
Ordinarily, however, "zoning reclassifications can constitute an unconstitutional taking when they leave a property owner with no economically viable use of his land other than exploiting its natural state." Id., 413; see Bartlett v. Zoning Commission, 161 Conn. 24, 282 A.2d 907 (1971) (adoption of new zoning regulation which restricted landowner's property to uses such as wooded walkways, wharves and duck blinds constitutes an unconstitutional talking without just compensation); Dooley v. Town Plan Zoning Commission, 151 Conn. 304,197 A.2d 770 (1964) (rezoning of landowner's property which restricted the property to uses such as parks, marinas and wildlife sanctuaries, nursery gardening and the like amounted to a practical confiscation).
In the present case, however, the Commission rezoned the plaintiffs' property on August 13, 1991 to its original classification (the "1991 rezoning") and the plaintiffs are now entitled to use their property in precisely the same manner as they were prior to January 13, 1988. (Defendant's Memorandum #135.50, Exhibit E, Affidavit of Craig Minor.) One of the purposes of the finality requirement is "the possibility that pursuit of a final administrative resolution will produce a mutually acceptable solution `thereby obviating any need to address the constitutional questions.' Hodel v. Virginia Surface Mining Reclamation Assn., 452 U.S. 264, 297,101 S.Ct. 2352, 69 L.Ed.2d 1 (1981)." Port Clinton Associates v. Board of Selectmen, supra, 603-604. The 1991 rezoning reversed the 1988 rezoning. In light of this, the 1988 rezoning was not a final administrative decision which deprived the plaintiff; CT Page 6227 of all economically viable uses of their land other than exploiting its natural state. Cf. Dooley v. Town Plan Zoning Commission, supra, 313-14. Regardless of the Commission's motivation, the 1991 rezoning obviates any need to address the constitutional questions raised in the plaintiffs' complaint
III. Temporary Taking
The plaintiffs argued at the hearing before this court that the subsequent rezoning to the original classification merely transforms their claim from an ordinary taking claim into a temporary taking claim.
 Temporary harms resulting from a regulatory decision fall into two broad subcategories: (1) those that result from a deliberate decision to appropriate certain property for public use for a limited period of time and (2) those that are a by-product of governmental decisionmaking. . . .
 Temporary harms in the second subcategory are an unfortunate but necessary by-product of disputes over the extent of the government's power to inflict permanent harms without paying for them. Every time a property owner is successful, in whole or in part, in a challenge to a governmental regulation — whether it be a zoning ordinance, a health regulation, or a traffic law — he is almost certain to suffer some temporary harm in the process. At the least, he will usually incur significant litigation expenses and frequently he will incur substantial revenue losses because the use of his property has been temporarily curtailed while the dispute is being resolved.
 In some situations these temporary harms are compensable. Statutes authorize the recover of some costs of litigation, including attorney's fees. Sometimes the cost of obtaining regulatory approval is budgeted in an initial development plan and ultimately recovered from consumers. But in many cases — and apparently this is one — the property owner has no effective remedy for such a temporary harm except a possible claim that his constitutional rights have been violated. If his property is harmed — even temporarily — without due process of law, he may have a claim for damages based on the denial of his procedural rights. But if the procedure that has been employed to determine whether a particular regulation "goes too far" is fair, I know of nothing in the Constitution that entitles him to recover for this CT Page 6228 type of temporary harm.
 The Due Process Clause of the Fourteenth Amendment
requires a State to employ fair procedures in the administration and enforcement of all kinds of regulations. It does not, however, impose the utopian requirement that enforcement action may not impose any cost upon the citizen unless the government's position is completely vindicated. We must presume that regulatory bodies such as zoning boards, school boards, and health boards, generally make a good faith effort to advance the public interest when they are performing their official duties, but we must also recognize that they will often become involved in controversies that they will ultimately lose. Even though these controversies are costly and temporarily harmful to the private citizen, as long as fair procedures are followed, I do not believe there is any basis in the Constitution for characterizing the inevitable by-product of every such dispute as a "taking" of private property.
Williamson County Regional Planning Commission v. Hamilton Bank,473 U.S. 172, 203-205, 105 S.Ct. 3108, 87 L.Ed.2d 126
(1985) (Stevens, J., concurring) (footnotes omitted); see also Port Clinton Associates v. Board of Selectmen, supra, 602.
In response to the 1988 rezoning, the plaintiffs brought this takings claim. During the pendency of this claim, the Commission, for whatever reasons, reversed the 1988 rezoning. The zoning of the parcel as "Flood Plain" from January 19, 1988 to August 13, 1991 is a by-product of governmental decisionmaking and, as there is no allegation that the Commission employed any unfair procedures[6], this action does not constitute a compensable temporary taking. See Williamson County Regional Planning Commission v. Hamilton Bank, supra, 203-205.
CONCLUSION
The court grants the defendants' motion for summary judgment because there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law in that the plaintiffs have failed to show the requisite finality and in that any temporary harm suffered by the plaintiffs does not constitute a compensable taking.
AUSTIN, J.
Judgment enters in accordance with the foregoing Memorandum Of Decision. CT Page 6229
Michael Kokoszka, Chief Clerk.