[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #212
The defendant-counterclaim plaintiff has filed on the eve of trial a motion to strike the plaintiff's request to amend their CT Page 10894 special defenses. Specifically, the defendant-counterclaim plaintiff claims that the Request to amend is unintelligible. The proper procedure for attacking a Request to Amend the pleadings is by filing an objection within fifteen days from the date of filing of the request. See Practice Book 176. The defendant-counterclaim plaintiff filed an objection within the fifteen day period. That objection was, however, overruled by Pickett, J. Therefore the special defenses were permitted to be added to the plaintiff's answer to the defendant's counterclaim. Thus, this court will treat the motion to strike as a motion to strike the special defenses for legal insufficiency.
The motion to strike is provided for in Practice Book 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). Furthermore, the court is required to construe the facts in the pleading most favorably to the nonmoving party when considering a motion to strike. See Gordon v. Bridgeport Housing Auth., 208 Conn. 161, 170, 544 A.2d 432 (1989).
The legal sufficiency of a special defense may be determined by reference to Practice Book 164 which states that "[f]acts which are consistent with [the plaintiff's statement of fact] but which show, not withstanding, that he has no cause of action, must be specially alleged." Practice Book 164. See also Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992) (stating that "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless that the plaintiff has no cause of action."). Thus, if the facts provable "under the allegations of the special defense, construed in the light most favorable to the defendant show, notwithstanding the verity of the plaintiff's allegations, that the plaintiff has no cause of action, then the motion to strike must fail." Daniels v. Martinczak, 5 Conn. L. Rptr. No. 16, 429 (February 3, 1992, Schaller, J.), citing Ferryman, supra.
In its memorandum in support of its motion to strike the plaintiff seeks to strike the plaintiff-counterclaim defendant's special defense of res judicata. "The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made." Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 43,526 A.2d 1329 (1987). The judicial doctrine of res judicata is based on "the public policy that a party should not be allowed to relitigate a CT Page 10895 matter which it already has had- an opportunity to litigate." Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360, 363-64,511 A.2d 333 (1986).
The defense of res judicata must be specially pleaded in accordance with Practice Book Section 164. Anderson v. Latimer Point Management Corp., 208 Conn. 256, 263, 545 A.2d 525 (1988). In addition, the res judicata defense must be predicated on a final decision, a judgment on the merits. Hughes v. Bemer, 206 Conn. 491,494-95, 538 A.2d 703 (1988).
The plaintiff-counterclaim defendant in their special defenses have alleged that the matters which involve the counterclaim "were previously litigated and that a final judgment" was entered in the plaintiff's favor. Thus, the plaintiff-counterclaim defendant has alleged facts that a valid final judgment exists. These allegations construed in the light most favorable to the plaintiff-counterclaim defendant show, notwithstanding the verity of the defendant-counterclaim plaintiff's allegations, that the defendant-counterclaim plaintiff has no cause of action. See Daniels v. Martinczak, supra. Accordingly, the plaintiff-counterclaim defendant has plead facts which allege the special defense of res judicata. Therefore, the motion to strike is denied.
DRANGINIS, J.