[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (No. 104)
A. FACTS
The plaintiff, Rohan Ruddock, alleges he was injured on or about, February 9, 1992, when an automobile operated by the defendant, Donnette Burrowes, allegedly struck the bicycle the plaintiff was riding. The plaintiff commenced the first suit regarding this cause of action on January 29, 1994. This action was subsequently dismissed by Judge Jackaway on August 17, 1994. The motion to reconsider and for recusal was also denied by Judge Jackaway, on January 5, 1995. There was no appeal and the ruling became final on January 26, 1995.
Thereafter, the plaintiff instituted the present action on August 4, 1995. The defendant filed its motion for summary judgement #104 and oral argument was held on 10/23/95.
B. DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Millerv. United Technologies Corp., 233 Conn. 732, 745, (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.). Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986). "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994); Miller v. United TechnologiesCorp., supra 233 Conn. 744.
The defendant alleges in its motion for summary judgment that the plaintiff's cause of action is barred by the applicable statute of limitations[1], which is two years. The defendant further argues that since the previous case was a disciplinary CT Page 13000 dismissal, General Statutes § 52-592(a)[2], the accidental failure of suit statute, would not apply. The plaintiff alleges that the original dismissal by Judge Jackaway was not a disciplinary dismissal, or in the alternative, if it was, the accidental failure of suit statute can apply where the attorney's failure was an accident or mere negligence.
The accidental failure of suit statute "was passed to avoid the hardships arising from an unbending enforcement of limitation statutes." Hughes v. Bemer, 206 Conn. 491, 495, 538 A.2d 703
(1988). The statute enables a plaintiff to file a new action when the original action failed to be tried on its merits because of matters beyond the plaintiff's control. For instance, the statute specifically mentions as valid reasons: (1) because of insufficient service, (2) return of the writ due to unavoidable accident, (3) the default or neglect of the officer to whom it was committed, or (4) for any matter of form. General Statutes § 52-592(a).
In Jaconski v. A.M.F., Inc., 208 Conn. 230, 543 A.2d 728
(1990) and Church v. Grenus, 1 Conn. L. Rptr. 151, 5 CSCR 57 (1990) (Hennessey, J.), the court prohibited the use of § 52-592(a) where the dismissal of the plaintiff's actions was caused by the plaintiff's own negligence. Similarly, in Jaquith v. Revson,159 Conn. 427, 270 A.2d 559 (1970) the Supreme Court refused to permit the plaintiff to use General Statute § 52-592(a) where the plaintiff's original action was nonsuited for failure to obey an order of the court.
In plaintiff's original action, Judge Jackaway stated the cause of the dismissal was the plaintiff's failure to appear at several pre-trial conferences. Further, Judge Jackaway refused to reopen the case or to recuse himself. Plaintiff never appealed these decisions by Judge Jackaway. Instead, plaintiff is now attempting to circumvent the prior rulings by instituting this proceeding before a different judge. The plaintiff's original dismissal by Judge Jackaway on August 17, 1994 was a disciplinary dismissal for the violation of a court order. There is a more compelling argument not to permit § 52-592(a) where the dismissal resulted from the violation of a court order. The rational behind § 52-592(a) does not include, in the opinion of this court, disciplinary dismissals.
The plaintiff has the burden of persuading the court that § 52-592(a) is applicable, and thus would save the current CT Page 13001 cause of action. Morrisette v. Archambault, 31 Conn. Sup. 302,304 (August 19, 1994) (Santaniello, J). The plaintiff has failed to demonstrate adequate reasons for this court to permit this action to continue. To do so would be to frustrate the reasoned dismissal by Judge Jackaway, and to permit counsel to ignore the orders of the court by virtue of an over-extension of General Statute § 52-592(a).
This court has "the inherent power to provide for the imposition of reasonable sanctions, to compel the observance of its rules [and orders]." Gionfrido v. Wharf Realty, Inc.,193 Conn. 28, 33, 474 A.2d 787 (1984). Judge Jackaway's dismissal of the original action was a reasonable sanction for the failure of the plaintiff to appear at a previously scheduled pretrial conference. The disciplinary nature of the dismissal of the original action precludes the application of General Statutes § 52-592(a) in this matter
C. CONCLUSION
For the reasons herein stated, the defendant's motion for summary judgment, ought to be and is hereby granted.
ARENA, J.