[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS NO. 122
The plaintiffs, Spyridon Armenis and Pascall Group, Inc., filed a prior action against sixteen defendants on November 2, 1993, Docket No. 308515. The plaintiffs in said action obtained a default against the defendant, Woodside Green, Inc. (Woodside), for failure to appear. The plaintiffs never moved for a judgment upon that default. The original complaint against all of the defendants was eventually dismissed on June 16, 1995, for failure to prosecute, under Practice Book § 251. The plaintiffs' subsequent motion to reopen was denied.
On June 14, 1996, within one year of the dismissal of the prior action, the plaintiffs instituted the present cause of action against, among others, this same defendant. The plaintiffs brought this action under the accidental failure of suit statute, General Statutes § 52-592. Woodside filed a motion to dismiss and supporting memorandum of law on October 9, 1996. The plaintiffs' objection to the motion to dismiss and supporting memorandum are dated November 11, 1996.
In support of its motion to dismiss, the defendant claims that the court does not have jurisdiction over it because the accidental failure of suit statute does not apply. Woodside argues that the plaintiffs' failure to pursue the default to judgment bars them from asserting the accidental failure of suit statute for several reasons. First, the defendant argues that it would violate the public policy of the statute of limitations. Second, the inaction of the plaintiffs amounted to either inexcusable negligence or consent to the granting of a motion to strike.
The plaintiffs assert that their delay was not egregious in light of the automatic stay of proceedings caused by one of the numerous defendants filing of bankruptcy. The plaintiffs also argue, without explanation, that their grievance against this defendant "was not the sort of matter that was appropriate for a hearing in damages and a secured judgment."[1]
CT Page 777
General Statutes § 52-592, commonly known as the accidental failure of suit statute, provides in pertinent part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment." General Statutes § 52-592. The accidental failure of suit statute "was passed to avoid hardships arising from an unbending enforcement of limitation statutes." Isaac v.Mount Sinai Hospital, 210 Conn. 721, 728, 557 A.2d 116 (1989).
"Preliminarily, it is important to note that, `as a formal matter, a motion to dismiss may not be the proper procedural vehicle for asserting that an action is not saved by section52-592. The savings statute is essentially an extension of, and by implication a response to, a statute of limitations defense.'Lovett v. Frankel, 5 Conn. L. Rptr. 297, 398 (1992) (Schaller, J.); see Ross Realty Corp. v. Surkis, 163 Conn. 388, 393,311 A.2d 74 (1972). The presence of a statute of limitations defense does not deprive a court of subject matter jurisdiction, therefore `[s]uch a defense ordinarily is raised either by a motion to strike or by a motion for summary judgment.' Lovett v.Frankel, supra. This issue, however, has been decided on a motion to dismiss in a number of superior court cases. See, e.g., Jonasv. Unsmoke, 4 Conn. L. Rptr. 137 (1991) (Maloney, J.); Lee v.Phillips, 4 CSCR 43 (1988) (Corrigan, J.). But see Restreps v.Larson, 4 CSCR 232 (1989) (Aronson, J.); Wilson v. G. Fox Co.,4 CSCR 233 (1989) (Aronson, J.) (applicability of accidental failure of suit statute not properly raised on a motion to dismiss)." Young v. Mukon, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 538420 (November 15, 1994, Hennessey, J., 13 Conn. L. Rptr. 8). In the present case, the plaintiffs have not objected to the motion to dismiss on this procedural ground. Accordingly, the court will decide the motion to dismiss presently before it on the merits.
Although "a dismissal of an action pursuant to Practice Book § 251 constitutes a failure for any matter of form within the meaning of General Statutes § 52-592 (a); Pintavalle v.Valkanos, 216 Conn. 412, 414 n. 3, 581 A.2d 1050 (1990); a plaintiff's ability to rely on § 52-592 is limited to those cases where the § 251 dismissal is rendered after the case failed because of accident or simple negligence. Lacasse v.Burns, supra, 473." (Internal quotation marks omitted.) SkibeckCT Page 778v. Avon, 24 Conn. App. 239, 242-243, 578 A.2d 166 (1991). Dismissals due to "egregious conduct [were] . . . never intended to be saved by the provisions of § 52-592."
"When ruling on a motion to dismiss, the trial court is required to view the evidence in the light most favorable to the plaintiff and to draw every reasonable inference in his favor."Gulycz v. Stop Shop Cos., 29 Conn. App. 519, 523,615 A.2d 1087, cert. denied, 224 Conn. 923, 618 A.2d 527 (1992). The plaintiffs' inactivity for seventeen months culminated in the § 251 dismissal of their previous action. This dormancy, explained by the stay of proceedings, does not rise to the level of such egregious conduct as to go beyond simple negligence or accident. The court may view this as a question of fact, to be decided by a hearing. Standard Tallow Corp. v. Jowdy,190 Conn. 48, 56, 459 A.2d 503 (1983). However, a decision denying the motion to dismiss in this case would be in harmony with similar superior court cases. See Perlmutter v. D L Transportation,
supra (two year delay is not egregious); Nassef v. Kapinski,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 286670 (October 7, 1992, Lewis, J., 7 CSCR 1239) (only one prior dismissal, as opposed to multiple prior dismissals, is not egregious conduct); Ahsan v. Olsen, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 353105 (July 2, 1991, Wagner, J.) (same).
The defendant claims that the plaintiffs' extended period of delay after successfully moving for default was equal to a motion to strike. This is a conclusory statement that the defendant sets forth without legal authority. A delay in prosecuting an action cannot be equated with consent to a motion to strike when such a motion was never filed. This court has found no case law that equates a lack of prosecution with a consent to a motion to strike, nor has the defendant provided any to the court. Furthermore, a consent to a motion to strike absent a subsequent judgment will not prevent the application of § 52-592. SeeHughes v. Bremer, 206 Conn. 491, 538 A.2d 703 (1988).
"Although § 52-592 is a remedial statute and must be construed liberally . . . it should not be construed so liberally as to render statutes of limitation virtually meaningless." (Internal quotation marks omitted.) Skibeck v. Avon, supra,24 Conn. App. 243. The public policy considerations of promoting finality in the litigation process, inherent in the statutes of limitation, are best served by disallowing application of General CT Page 779 Statutes § 52-292 when the plaintiff's conduct can be considered egregious. See Id. The defendant's public policy argument has already been dealt with, above, and similarly fails. The present case is viable under General Statutes § 52-592
and therefore, the defendant's motion to dismiss is denied.
MAIOCCO, JUDGE