[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS NO. 118
CT Page 782
This case was filed after a prior case involving the same issues, Armenis v. Brennan, Docket No. 308515, was ultimately dismissed on June 16, 1995, pursuant to Practice Book § 251, for failure to prosecute. The plaintiffs in the prior action, Spyridon Armenis and Pascall Group, Inc., consented to a motion to strike filed by the defendants, Frank R. Lyon III, Natalie Dupont Lyon, Leonard W. Cotton, and Anne C. Cotton.
The consent to the motion to strike stated: "The plaintiffs consent to the Motion to Strike filed December 1, 1993 on behalf of the defendants Leonard W. Cotton, Anne C. Cotton, Frank R. Lyon, II and Natalie DuPont Lyon and hereby express their intent to file a new pleading within the 15 day period provided in Practice Book Section 157. The only qualification to repleading would be if the defendants consent to an extension for repleading so that other defendants may file their requests to revise and motions to strike and the repleading can be done at one time."
The plaintiffs never filed an amended complaint. Likewise, the defendants never moved for judgment on the consent, as was their option under Practice Book § 157.
Within one year of the dismissal of the prior action, on June 14, 1996, the plaintiffs instituted the present cause of action against, among others, the same four defendants, Frank R. Lyon III, Natalie Dupont Lyon, Leonard W. Cotton, and Anne C. Cotton. The plaintiffs brought this action under the accidental failure of suit statute, General Statutes § 52-592. These defendants filed a motion to dismiss and supporting memorandum of law on October 4, 1996. The plaintiffs' objection to the motion to dismiss and supporting memorandum are dated November 11, 1996.
The defendants, in their motion to dismiss, claim that the accidental failure of suit statute does not apply to save the plaintiffs' cause of action because the original case was defeated due to the voluntary actions of the plaintiffs. In support of this argument, the defendants rely on the plaintiffs' consent to the motion to strike and their subsequent failure to replead or amend the complaint. The plaintiffs' brief in opposition does not address the issues raised by the defendants' motion to dismiss. CT Page 783
General Statutes § 52-592, commonly known as the accidental failure of suit statute, provides in pertinent part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment." General Statutes § 52-592. The accidental failure of suit statute "was passed to avoid hardships arising from an unbending enforcement of limitation statutes." Isaac v.Mount Sinai Hospital, 210 Conn. 721, 728, 557 A.2d 116 (1989).
"Preliminarily, it is important to note that, `as a formal matter, a motion to dismiss may not be the proper procedural vehicle for asserting that an action is not saved by section52-592. The savings statute is essentially an extension of, and by implication a response to, a statute of limitations defense.'Lovett v. Frankel, 5 Conn. L. Rptr. 297, 398 (1992) (Schaller, J.); see Ross Realty Corp. v. Surkis, 163 Conn. 388, 393,311 A.2d 74 (1972). The presence of a statute of limitations defense does not deprive a court of subject matter jurisdiction, therefore `[s]uch a defense ordinarily is raised either by a motion to strike or by a motion for summary judgment.' Lovett v.Frankel, supra. This issue, however, has been decided on a motion to dismiss in a number of superior court cases. See, e.g., Jonas v. Unsmoke, 4 Conn. L. Rptr. 137 (1991) (Maloney, J.); Lee v. Phillips, 4 CSCR 43 (1988) (Corrigan, J.). But seeRestreps v. Larson, 4 CSCR 232 (1989) (Aronson, J.); Wilson v.G. Fox Co., 4 CSCR 233 (1989) (Aronson, J.) (applicability of accidental failure of suit statute not properly raised on a motion to dismiss)." Young v. Mukon, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 538420 (November 15, 1994, Hennessey, J., 13 Conn. L. Rptr. 8). In the present case, the plaintiffs have not objected to the motion to dismiss on this procedural ground. Accordingly, the court will decide the motion to dismiss presently before it on the merits.
The defendants are correct in their assertion that a voluntary withdrawal does not come within the parameters of a "failure as a matter of form" under General Statutes §52-592. See Parrott v. Meacham, 161 Conn. 573, 290 A.2d 335
(1971) ("The original action having been voluntarily withdrawn by the plaintiff, that `withdrawal . . . cannot by the most liberal construction constitute accidental failure of suit for a matter of form. . . .'"). However, their argument that a consent CT Page 784 to a motion to strike is equivalent to a voluntary withdrawal is erroneous.
Mere consent to a motion to strike will not prevent the application of § 52-592. This holds true where, as in the previous case, the plaintiffs never pled over after consenting to the motion to strike and the defendants never sought judgment. "Section 52-592 does not authorize the reinitiation of all actions not tried on . . . [their] merits, only those that have failed for, among other reasons, any matter of form." (Internal quotation marks omitted.) Hughes v. Bremer, 206 Conn. 491,494-95, 538 A.2d 703 (1988).
However, where a judgment is entered pursuant to Practice Book § 157,[1] after a consent to a motion to strike and a failure to plead over, that judgment is "as final and complete as a judgment following a trial on the merits." Hughes v. Bremer,
supra, 206 Conn. 494. Accordingly, that judgment will preclude application of the savings statute. See id.
Both a voluntary withdrawal and a final judgment on the merits will preclude application of the saving statute because neither is considered failure as a matter of form. In the present case the plaintiffs reserved their right to replead in the consent to the motion to strike. Although the plaintiffs never repled, the defendants did not move for judgment pursuant to Practice Book § 157. Accordingly, General Statutes §52-592 is available to the plaintiffs because their consent to the motion to strike in the previous case constituted a failure "as a matter of form" as required by the accidental failure of suit statute. Accordingly, the defendants' motion to dismiss is granted.
MAIOCCO, JUDGE