[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT # 106
This action was originally commenced in January 1996 with an application for pre-judgment remedy and an unsigned complaint (Testa D/B/A v. Santopietro CV 96-0130995). The defendant in that action moved to dismiss, claiming that the plaintiff's contractual claim was governed by a written arbitration provision which precluded a court action. The court held, in response to that claim that the plaintiff was not precluded from proceeding with his claim for a prejudgment remedy and therefor denied the Motion to Dismiss. There was never a hearing held on the plaintiff's claim for prejudgment remedy nor was the complaint ever served on the defendant. That matter was ultimately dismissed on December 12, 1997, under the dormancy program pursuant to Practice Book § 14-3.[1]
The defendant in this case has moved for Summary Judgment claiming the present action is barred by collateral estoppel and res judicata as a result of the dismissal of the previous action. It is the defendant claim that the claims in this action were identical to the claims of the previous action and that those claims were considered fully and decided in that action.
The dismissal in the pre-judgment remedy matter was not a judgment on the merits and therefore was not res judicata in connection with this matter even assuming the issues in application for pre-judgment remedy were precisely the same issues in the instant matter, which of course they were not.
The res judicata defense must be predicated on a final decision, a judgment on the merits. Hughes v. Bemer,206 Conn. 491, 494-95, 538 A.2d 703 (1988). "Judgments based on [failure to prosecute] are not rendered on the merits . . . ." (Internal quotation marks omitted.) Legassey v. Shulansky,28 Conn. App. 653, 658, 611 A.2d 930 (1992). "[A] dismissal for failure to CT Page 15325 prosecute pursuant to Practice Book § [14-3], which succeeded § 191A, is not an adjudication on the merits that can be treated as res judicata." Milgrim v. Deluca, 195 Conn. 191,194-95, 487 A.2d 522 (1985). There was no adjudication on the merits of the previous action and therefore under no circumstances is the doctrine of res judicata applicable. Nor can the defendant claim issue preclusion also know as the doctrine of collateral estoppel. "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Internal quotation marks omitted.) Aetna Casualty Surety Co. v. Jones,220 Conn. 285, 296, 596 A.2d 414 (1991). "An issue is actually litigated if it is properly raised in the pleadings, submitted for determination, and in fact determined." (Internal quotation marks omitted.) State v. Ball, 226 Conn. 265, 276, 627 A.2d 892
(1993); see also Carnese v. Middleton, 27 Conn. App. 530, 542,608 A.2d "700 (1992) ("Collateral estoppel can be applied only to bar relitigation of facts that were formally put in issue and ultimately determined by a valid, final judgment."). "To establish whether collateral estoppel applies, the court must determine what facts were necessarily determined in the first trial, and must then assess whether the [party] is attempting to relitigate those facts in the second proceeding." Aetna Casualty Surety Co. v. Jones, supra, 220 Conn. 297. No issues were determined in the previous action the plaintiff can not claim collateral estoppel.
Furthermore, the previous action was a claim for prejudgment remedy, a claim that was not made in this action. Even if that claim were litigated, which it was not, a finding that the plaintiff was not entitled to a prejudgment remedy would only establish a lack of probable cause and not a definitive decision on the merits of the plaintiff's claim. "A determination of probable cause by a court is not a final decision as to liability of the property owner" BEERS v. WESTPORT BANK AND TRUST COMPANY,50 Conn. App. 671 (1998).
The issue presented in the previous actions are not issues presented in this case, nor were the issues decided in the previous action. The defendants claim based on res judicata and or collateral estoppel is without merit.
The defendants argue that the plaintiff is not afforded recourse under General Statutes § 52-592, the Accidental CT Page 15326 Failure of Suit Statute. The Connecticut Supreme Court stated that § 52- 592 "was passed to avoid hardships arising from an unbending enforcement of limitation statutes." (Emphasis added.)Isaac v. Mount Sinai Hospital, 210 Conn. 721, 728, 557 A.2d 116
(1989).[2] The statute of limitations is not at issue here as the action sounds in breach of contract and the statute of limitations has not expired, nor has the plaintiff made a claim under G.S. § 52-592.
The defendants Motion for Summary Judgment is denied.
PELLEGRINO, (J).