[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE SPECIAL DEFENSES #119
The instant issue is whether the plaintiff's motion to strike special defenses one through ten should be granted on the ground the defendant has failed to include facts that are consistent with the complaint but tend to show that the plaintiff has no cause of action. The court concludes that the motion to strike should be granted.
This case arises from a complaint filed May 23, 1999, alleging that the plaintiff, Charles Corbin, purchased a 1996 Ford Taurus from Fair Hyundai Partnership at Danbury Autopark for personal, family or household use, under a retail installment contract. The complaint alleges that on October 20, 1997, the dealer assigned and transferred the retail installment contract to the defendant, Arcadia Financial Ltd. The plaintiff alleges that on July 22, 1998, the defendant repossessed the vehicle. The plaintiff alleges that in connection with the repossession, the defendant breached its contract, converted the vehicle and violated the provisions of the Retail Installment Sales Financing Act or the Uniform Commercial Code. The plaintiff seeks damages including CT Page 3557 expenses of consulting with counsel, inconvenience, loss of use of the vehicle, damage to credit reputation, embarrassment, invasion of privacy, or emotional distress. The plaintiff further demands statutory, actual, punitive and treble damages, attorneys fees and such other relief as is just and equitable.
On October 25, 1999, the defendant timely amended its answer, special defenses and counterclaim pursuant to Practice Book § 10-44. On November 17, 1999, the plaintiff filed the present motion to strike the defendants special defenses one through ten on the ground that this court previously struck special defenses one through twelve and that the defendant has simply pleaded most of the stricken defenses again.[1] Further, the plaintiff argues that the special defenses allege no facts as required by Practice Book § 10-50 and are thus legally insufficient. The defendant has not filed an opposing memorandum to the plaintiff's motion to strike pursuant to Practice Book § 10-42(b).
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "A motion to strike, admits all facts well pleaded." Parsons v. UnitedTechnologies Corp. , 243 Conn. 66, 68, 700 A.2d 655 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293
(1997)
"Any adverse party who objects to [a motion to strike] shall,
at least five days before the date the motion is to be considered on the short calendar, file and serve in accordance with Sections 10-12 through 10-17 a memorandum of law." (Emphasis added.) Practice Book § 10-42(b). Prior to October 1, 1989, the failure to file an opposing memorandum of law was deemed to be consent to the motion to strike. See Hughes v. Bemer, 206 Conn. 491, 495,538 A.2d 703 (1988). The Practice Book rule "[has] been amended so that a party who files an untimely memorandum is no longer deemed to consent to the granting of a motion made under [this] section." Southport Manor Convalescent Center. Inc. v. Foley,216 Conn. 11, 13 n. 1, 578 A.2d 646 (1990); Castillo v. Brito, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 394099 (October 28, 1991, Hennessey, J.) (5 Conn.L.Rptr. 201, 202). CT Page 3558
Although "the failure to timely file an opposing memorandum will not necessarily be fatal and the court may therefore address the merits of the motion. . . . the filing of a memorandum in opposition to a motion to strike is mandatory and the failure to file such may still serve as a ground for granting a motion to strike." (Internal quotation marks omitted.) Tersavich v.Stewart, Superior Court, judicial district of Tolland at Rockville, Docket No. 066403 (June 1, 1999, Stengel, J.) "The court has the discretion to address the merits of the motion despite a party's failure to file an opposing memorandum of law where the moving party fails to raise an objection to the opposing party's failure to comply with the mandatory filing provision of the Practice Book [ § 10-42]. . . ." (Citation omitted.) Middlesex Mutual Assurance Co. v. Travelers Ins. Co., Superior Court, judicial district of Middlesex at Middletown, Docket No. 60094 (May 6, 1993, Higgins, J.) (8 C.S.C.R. 555, 556).
In the present case, the defendant has not filed an opposing memorandum of law pursuant to Practice Book § 10-42(b). Further, the plaintiff has not objected to the defendant's noncompliance with the Practice Book.
"[A] plaintiff can [move to strike] a special defense. . . ."Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1973); see alsoConnecticut National Bank v. Voog, 233 Conn. 352, 354-55,653 A.2d 172 (1995); Girard v. Weiss, 43 Conn. App. 397, 417,632 A.2d 1078, cert denied, 239 Conn. 946 (1996). "In . . . ruling on the . . . motion to strike, the trial court recognize[s] its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp. ,240 Conn. 576, 588, 693 A.2d 293 (1997).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana InvestmentCorp. , 249 Conn. 1, 17, ___ A.2d ___ (1999); see also Practice CT Page 3559 Book § 10-50.
The defendant's amended first special defense states that the plaintiff's claim for damages under the theory of conversion is legally insufficient because the plaintiff "alleges only that Arcadia violated provisions of Connecticut statutes in connection with the alleged repossession and not that Arcadia, without authorization, assumed and exercised the right of ownership over property belonging to Plaintiff."
The defendant's amended second special defense states that the "[p]laintiff's claim for damages in the form of expenses of consulting with counsel is legally insufficient because Connecticut law does not provide for recovery of attorney's fees except as provided by a contractual agreement or by statute."
The defendant's amended third special defense states that the "[p]laintiff's claim for damages for inconvenience is legally insufficient because Connecticut law does not provide for recovery of damages for inconvenience."
The defendant's amended fourth special defense states the "[p]laintiff's claim for damages for loss of use of the vehicle is legally insufficient because the [p]laintiff alleges only that Arcadia violated provisions of Connecticut statutes in connection with the alleged repossession and not that he intended to keep, continue using, or redeem the vehicle at the time of or subsequent to Arcadia's alleged repossession of the vehicle."
The defendant's amended fifth special defense states that the "[p]laintiff's claim for damages for damage to credit reputation is legally insufficient because Plaintiff alleges only that Arcadia violated provisions of Connecticut statutes in connection with the alleged repossession and not that he intended to make the required monthly payments under the Retail Installment Contract or to redeem the vehicle at the time of or subsequent to Arcadia's alleged repossession of the vehicle."
The defendant's amended sixth special defense states that the "[p]laintiff's claim, for damages for embarrassment is legally insufficient because Connecticut law does not provide for recovery of damages for embarrassment."
The defendant's amended seventh special defense states the "[p]laintiff's claim for damages for invasion of privacy is CT Page 3560 legally insufficient because Plaintiff alleges only that Arcadia violated provisions of Connecticut statutes in connection with the alleged repossession and not that Arcadia reasonably and seriously interfered with Plaintiff's interest in not having his affairs known to others."
The defendant's amended eighth special defense states that the "[p]laintiff's claim for damages for emotional distress is legally insufficient because Plaintiff alleges only that Arcadia violated provisions of Connecticut statutes in connection with the alleged repossession and not that Arcadia acted in a willful, wanton or malicious manner or that Arcadia's conduct was extreme and outrageous."
The defendant's amended ninth special defense states the "[p]laintiff claims arise from a single transaction and, therefore cannot constitute a violation of the Connecticut Unfair Trade Practices Act, § 42-110a, et seq." The plaintiff argues that the "single transaction" defense has no basis where the defendant is in the business of financing cars and normally repossesses for nonpayment under established contracts, guidelines and procedures. Further, the plaintiff argues that the repossession practices on which the plaintiff relies is not a single transaction and that CUTPA prohibits persons in business from engaging in practices that are unfair or deceptive.
The defendant's amended tenth special defense states the "[p]laintiff's claim for treble damages under General Statutes § 52-564 is legally insufficient because Plaintiff alleges only that Arcadia violated provisions of Connecticut statutes in connection with the alleged repossession and not that Arcadia stole any of his property or knowingly received and concealed stolen property."
The plaintiff argues that special defenses one through ten are deficient because each defense was previously stricken for failing to allege facts. Each special defense does not contain facts consistent with the complaint that tend to show that plaintiff has no cause of action. Further, the defendant's special defenses one through ten contain legal conclusions unsupported by facts. Accordingly, the court grants the motion to strike special defenses one through ten on the ground that each special defense contains legal conclusions unsupported by facts. See Faulkner v. United Technologies Corp. , supra,240 Conn. 588.[2]
CT Page 3561
SANDRA VILARDI LEHENY, J.