[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE (#111)
 FACTS
This suit arises out of a written lease agreement for the use and occupancy of real property located at 29 Old Stonington Road, Stonington, Connecticut (the premises). On July 12, 2001, the plaintiff, Papas Group Inc., filed a four count complaint[1] against the defendants, George and Anisle Turner wherein the following facts are alleged. On June 1, 1996, the plaintiff as lessor and the defendants as lessees entered into a five year written lease agreement (the lease) for the use and occupancy of the premises. On January 27, 2000, the plaintiff and the defendants entered into a sublease[2] with Mystic Lobster Company, LLC (sublessee), wherein the premises were sublet, but the defendants remained "obligated to perform and be bound by all of the covenants, conditions and agreements contained in the Lease." (Complaint, Exhibit B, p. 2.)
Count one alleges breach of contract for violating the lease terms by failing to pay water and sewer charges, rent in the amount of $35,357.40, maintenance fees, electric bills, property insurance and attorney's fees associated with a separate summary process action. In addition, the defendants removed or damaged the plaintiff's property and equipment and failed to perform routine maintenance as agreed to in the lease. Count two incorporates the facts alleged in count one and further alleges that the defendants were unjustly enriched to the plaintiff's detriment as a result of failing to pay the aforementioned costs, expenses and services. Count three incorporates the facts alleged in count one and further alleges that the defendants removed numerous items of the plaintiff's personal property from the premises and converted such to their own use without authority and that such conduct constitutes an unfair method of competition or an unfair deceptive act or practice in the conduct of trade or commerce in violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. Lastly, count four recites allegations of conversion of the plaintiff's property.
On September 24, 2001, the defendants filed an answer and special defense to the plaintiff's complaint. In the special defense, the defendants allege that: (1) a foul and noxious odor emanated from the plumbing or drainage system of the demised premises; (2) despite the defendants' requests, the plaintiff refused to correct the conditions causing the odor; (3) despite the defendants' efforts, they were unable to correct the conditions causing the odor; (4) by reason of the continuing foul and noxious odor it was impossible to maintain a food and beverage service establishment; and (5) because of the odor the defendants were constructively evicted from the premises. On October 11, 2001, the defendants revised their first special defense (revision), per the plaintiff's request, and added: "The odor emanated from February 1, 1997 to April 30, 2001" and "The defendants were constructively evicted as of September 2, 1998." CT Page 2527
On October 16, 2001, the plaintiff filed a motion to strike the defendants' special defense. The plaintiff argues the defendants fail to state sufficient facts in support of their special defense of constructive eviction and, thus, their special defense should be stricken. On October 26, 2001, the defendants filed a memorandum of law in opposition, and the plaintiff filed a reply memorandum.
 DISCUSSION
The plaintiff argues in its reply memorandum that the defendants have filed an untimely memorandum in opposition and, therefore, it should not be considered by the court. "Any adverse party who objects to this motion [to strike] shall, at least five days before the date the motion is to be considered on the short calendar, file and serve in accordance with Sections 10-12 through 10-17 a memorandum of law." Practice Book §10-42 (b). "Prior to October 1, 1989, the failure to file an opposing memorandum of law was deemed to be consent to the motion to strike."Corbin v. Arcadia Financial, LTD. Superior Court, judicial district of Waterbury at Waterbury, Docket No. 151811 (March 31, 2000, Leheny, J.) citing, Hughes v. Bemer, 206 Conn. 491, 495, 538 A.2d 703 (1988). "The Practice Book rule `[has] been amended so that a party who files an untimely memorandum is no longer deemed to consent to the granting of a motion made under [this] section.'" Id. citing, Southport ManorConvalescent Center Inc. v. Foley, 216 Conn. 11, 13 n. 1, 578 A.2d 646
(1990); Castillo v. Brito, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 394099 (October 28, 1991,Hennessey, J.) (5 Conn.L.Rptr. 201, 202). "[T]he failure to timely file an opposing memorandum will not necessarily be fatal and the court may therefore address the merits of the motion. . . ." Tersavich v. Stewart, Superior Court, judicial district of Tolland at Rockville, Docket No. 66403 (June 1, 1999, Stengel, J.) citing, Olshefski v. Stenner, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 351899 (September 27, 1990, Clark, J.) (2 Conn.L.Rptr. 477, 478). Several other superior court decisions are also in agreement with this holding. See Jodin v. Colleoni, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 084260 (August 7, 2001, Cremins,J.); Ratner v. Laviano, Superior Court, Judicial District of Stamford — Norwalk at Stamford, Docket No. 177011 (April 16, 2001,D'Andrea, J.); Danielson v. Cummings Insulation Co., Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 375887 (November 15, 2000, Moran, J.).
In the present case, the defendants filed a memorandum in opposition on October 26, 2001, three days before the plaintiff's motion to strike was heard on the short calendar. Although the defendants' memorandum in opposition is untimely under Practice Book § 10-42 (b), the court CT Page 2528 follows the reasoning in the aforementioned cases, and utilizes its discretion in considering the merits of the defendants' memorandum in opposition and the plaintiff's motion to strike.
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, . . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39 (a). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1,17, 730 A.2d 1128 (1999); see also Practice Book § 10-50. "In . . . ruling on the . . . motion to strike, the trial court recognize[s] its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536, 606 A.2d 684 (1992).
In this case, the defendants' special defense alleges to sound in a constructive eviction. "[A] constructive eviction arises where a landlord, while not actually depriving the tenant of possession of any part of the premises leased, has done or suffered some act by which the premises are rendered untenantable, and has thereby caused a failure of consideration for the tenant's promise to pay rent." (Internal quotation marks omitted.) Conference Center Limited v. The Research Corporation ofNew England, 189 Conn. 212, 220, 455 A.2d 857 (1983). "In addition to proving that the premises are untenantable, a party pleading constructive eviction must prove that (1) the problem was caused by the landlord, (2) the tenant vacated the premises because of the problem, and (3) the tenant did not vacate until after giving the landlord reasonable time to correct the problem." (Internal quotation marks omitted.) HeritageSquare, LLC. v. Eoanou, 61 Conn. App. 329, 332, 763 A.2d 199 (2001).
The plaintiff argues in its memorandum in support of its motion to strike that the defendants have failed to allege sufficient facts to support all three elements of a constructive eviction. As stated above, the first element of a constructive eviction requires a party to plead that the premises are untenantable and that such problem was caused by the landlord. Because the defendants fail to plead in their special defense or revision that the plumbing or drainage system problem was caused by the plaintiff, they fail to state sufficient facts to support the first element of a constructive eviction. Although the court finds that the defendants sufficiently pled the second and third elements of a constructive eviction, the defendants' special defense and revision cannot survive a motion to strike when the pleadings fail to allege CT Page 2529 sufficient facts to support all three elements of the defense of a constructive eviction.
 CONCLUSION
For the reasons stated herein, the plaintiff's motion to strike the defendants' special is granted.
Martin, J.